## ASA SMITH *versus* HORACE GATES.

Under the Revised Stat. c. 113, § 11, 12, providing, that, where appraisers are appointed to determine the amount due from the owner of an impounded beast, for damages, &c. and the sum found by them to be due is not forthwith paid, the person impounding may cause the beast to be sold by auction, first advertising the sale by posting up a notice thereof twenty-four hours beforehand, it was *held*, that where a beast impounded by a field driver was sold twenty minutes before the expiration of twenty-four hours from the time when the appraisement was completed, the sale was invalid, and the field driver a trespasser *ab initio*, although more than twenty-four hours had elapsed from the time of posting up the advertisement ; and that it was immaterial, in such case, whether any actual injury had been sustained by the owner of the beast in consequence of this neglect of duty on the part of the field driver or not.

The statute intends that the owner of the beast impounded shall have an opportunity to pay the appraised damages and charges before the posting up of an advertisement for the sale of the beast.

THIS was trespass *de bonis asportatis*, for taking the plaintiff's horse, wagon, harness and buffalo skin.

The defendant pleaded the general issue, and filed a brief statement setting forth, that on May 15, 1836, the time of the taking, he was a field driver in Gardner, and as such took up the horse going at large in a highway in that town, and impounded him in the common pound.

At the trial, before *Putnam* J., it appeared, that on the next day after the horse was impounded, the defendant gave the plaintiff notice thereof ; that on the 30th of the same month, the forfeiture for which the horse was impounded not having been paid, appraisers were appointed to ascertain and determine the damages, expenses, &c. ; that the appraisement was completed at half past 10 o'clock, A. M. on the same day ; that at a quarter before 10 o'clock in the same forenoon the defendant posted up an advertisement setting forth, that the horse would be sold by auction at 10 o'clock, A. M. on the following day ; that on the following day, at ten minutes after

Smith
v.
Gates.

10 o'clock, A. M. the horse was sold, and a portion of the proceeds applied to the payment of the damages, &c. ; and that the balance was paid into the town treasury.

It was objected by the plaintiff, that the evidence did not prove that the sale was legal, because it appeared that it was made before the expiration of twenty-four hours from the time when the appraisement was completed ; but the objection was overruled.

If the evidence in the case was sufficient to support the defendant's justification, the plaintiff was to become nonsuit ; otherwise the defendant was to be defaulted, and the damages to be settled by the Court.

*Oct. 2d.*

*Newton* and *Washburn*, for the plaintiff, cited *Briggs* v. *Wardwell*, 10 Mass. R. 356 ; *Purrington* v. *Loring*, 7 Mass. R. 388 ; Revised Stat. *c.* 113, § 12, 13.

*Merrick*, *Torrey* and *Wood*, for the defendant, cited *Colman* v. *Anderson*, 10 Mass. R. 115.

*Oct. 30th.*

DEWEY J. delivered the opinion of the Court. The defendant justifies the taking and selling of the plaintiff's horse, on the ground that the horse was at large on the highway, and the defendant, being a field driver, impounded him in the common pound, and, the plaintiff neglecting to pay the forfeiture and expenses accruing in consequence of the impounding, the horse was sold at public auction to discharge the same

The proceedings in such cases are regulated by the Revised Stat. *c.* 19 and *c.* 113, the former authorizing the taking and impounding, and the latter directing the mode of proceeding after the beasts are impounded.

It is incumbent on the defendant, to show that all his proceedings have been in entire conformity with the provisions of these statutes ; and any failures in this respect being an abuse of an authority given him by law, will make him a trespasser *ab initio*.

Several exceptions were taken by the plaintiff to the regularity of the proceedings on the part of the defendant ; but in the view we have taken of the case we have not found it necessary to express any opinion upon more than one of the points raised.

By Revised Stat. *c.* 113, § 11 and 12, it is enacted, that

if the sum for which any beast is impounded and detained shall not be paid within fourteen days after notice is given of the impounding, two appraisers shall ascertain and determine the sum due from the owner of the beast, and if the sum so found to be due shall not be forthwith paid, the person who impounded the beast shall cause it to be sold by auction, " first advertising the sale, by posting up a notice thereof twenty-four hours beforehand at some public place in the same town."

It will be perceived that, by the provisions of the statute, the owner is to have an opportunity of paying the amount of the appraised damages, costs and charges, before the posting up of any advertisement for the sale of the property, and also the further right to have the full period of twenty-four hours elapse after the appraisement and before the actual sale. Upon recurring to the facts as found in the present case, it appears that the appraisement was completed at thirty minutes past 10 o'clock, A. M. of the 30th of May ; that fifteen minutes before 10 o'clock of the same day the defendant had posted up an advertisement for the sale of the horse to take place at 10 o'clock, A. M. of the following day, and that the horse was actually sold at ten minutes after ten o'clock, A. M. on the 31st day of May.

The property was therefore advertised before the appraisement of the damages and charges, and the sale took place in less than twenty-four hours after the appraisement. This was such a departure from the directions of the statute as must vitiate the proceedings. Entire strictness in such cases is requisite ; and it is immaterial whether any actual injury was sustained by this omission or neglect of duty on the part of the defendant. There can be no rule regulating the proceedings in such cases, if we depart from the express provisions of the statute.

The defendant, having failed to conform to the requisitions of the statute, has clearly made himself a trespasser *ab initio*, and the plaintiff is entitled to recover the value of the horse so taken and sold.