## NATHANIEL W. MORSE versus SHELDON REED.

In an action of replevin for cattle impounded, when the defendant justifies the taking, he must show a full and entire compliance with the requisitions of the statute, or he becomes a trespasser *ab initio*.

The certificate left with the pound keeper should state the town in which the impounder resided, and also the town in which the enclosure, wherein the damage was alleged to have been done, was situated, or the justification will not be made out. And the advertisements should state the time of impounding.

EXCEPTIONS from the Middle District Court, REDINGTON J. presiding.

" Somerset ss. — District Court, January Term, 1848.

" Nathaniel W. Morse v. Sheldon Reed.

" This is an action of replevin for cattle impounded, commenced before a justice of the peace. The general issue only was pleaded, before the justice. At a former term of the District Court, the defendant had been permitted to file the brief statement, though objected to by plaintiff, and now the action coming on for trial, plaintiff still objects to the brief statement being used, and to any evidence given under it, but the Judge overruled the objection. The plaintiff also filed a counter brief statement.

" The defendant admitted that cattle described in plaintiff's writ, were the property of plaintiff, and were of greater value than ten dollars. And defendant further admitted, he took and impounded the cattle on the 16th of August, 1843.

" John K. Morrison, was called and objected to, but was admitted, and testified that he saw the cattle, with cattle of other people, in the defendant's field on the 16th, at about 10 o'clock, certainly as early as 12 in the day, that the fence on the road was partly down, only two rails being up, at the place where he thought, by the tracks, the cattle entered the field. The bars were up ; that defendant went for a field driver, and came back with Rowell, who acted as field driver ; that defendant and Rowell took the cattle out of the field, and at about one o'clock started with them towards the pound.

"Abel Morrill, was admitted to have been the legal pound keeper for that year, presented a book in manuscript, labelled "*Pound Keeper's Book, of Cornville*," and testified as follows: "That book is the book of records which I kept as pound keeper. It is the only pound keeper's record, that I have ever seen in the town." The defendant then offered to read the document marked A, being what is contained on the first page of the book, and which is to be copied, and made part of this case.

"The plaintiff objected to the same, but the Judge overruled the objection, and permitted it to be read.

"Morrill further testified : — "I suppose the original is among the other papers in the case." Plaintiff objected to the introduction of said document, because the original was not produced; and to the effect thereof, because it does not state the residence of the impounder, or the cause of impounding, or that the cattle were doing damage ; nor does it state the town or place, where they were taken up, and in which was the impounder's enclosure. The Judge overruled the objection, and permitted it to be read to the jury.

"Defendant then offered said records, to show that a copy of the advertisement was inserted therein. The plaintiff objected thereto, because it did not purport to be certified as a copy. But the Judge overruled the objection and permitted to be read from said book, the document marked B, which is to be copied and made part of this case.

"Plaintiff objected to the admission of the advertisement, and the record thereof, because it does not show that the pound keeper complied with the statute, in regard to advertising, in this, that the advertisements were not inserted in a newspaper, or that public notice was given by the town crier.

"Plaintiff objected to the sufficiency of the advertisements, because the time of impounding is not stated therein, and because the cause of impounding is not stated, nor the town or place in which is the defendant's enclosure. It was admitted two weekly newspapers were published in the county in 1843, but that no newspaper was published in the county on the 16th, 17th or 18th of August, 1843.

" The Judge instructed the jury, that the testimony of Morrison would be considered by them in finding whether plaintiff's cattle were in defendant's enclosure, and if they found that fact, then, that the pound keeper's records, and the certificate of the impounder, and advertisements being sufficient, they would return their verdict for the defendant.    The Jury thereupon returned a verdict for the defendant.

" To which rulings and instructions of the Judge, the plaintiff excepts."

## A.

" To the Pound Keeper of Cornville.

" The undersigned, Sheldon Reed, herewith commits to pound, one yoke of oxen about five years old, (and several other animals, all described,) taken in the enclosure of Sheldon Reed; and the said Sheldon Reed demands eight dollars for damages, and the unpaid charges of impounding the same.

" Witness my hand.          Sheldon Reed, Impounder.

" Cornville, August 16, 1843.

" The above is a true copy of the certificate.

" Abel Morrill, Pound keeper."

## B.

## " NOTICE.

" Sheldon Reed, impounder, took up in his enclosure, doing damage on the sixteenth inst. and were committed to pound, one yoke of oxen about five years old, ( and several other animals, described particularly.) The owner or owners are notified to pay the damage and costs of impounding and keeping, and take the cattle away.

" Abel Morrill, Pound keeper.

" Cornville, August 17, 1843."

The case was argued in writing.

*Leavitt*, for the plaintiff, contended that the District Judge erred in his rulings and decision, in relation to the pleadings. This objection was not taken into consideration by the Court.

The other objection is to the proceedings of the impounder and pound keeper.

The 3d and 6th sections of the 30th chapter of Rev. Stat.

relating to " pounds and impounding beasts," define the " cause of impounding." The 3d section, for animals being at large in the highways, &c. of the town ; and the 6th section, for injury to one's land. In this case the cause of impounding, is alleged to be an injury done the defendant's land by the plaintiff's cattle, and that mentioned in the 6th section of the 30th chapter. The 10th section of the same chapter, provides, that before the pound keeper shall be required to receive any beast into pound, the impounder shall furnish said pound keeper a certificate under his hand, containing certain requisites, and these are : — " a brief description of the beasts ; the cause of impounding ;. the amount of damages claimed, and the charges of impounding, then accrued."

And the same section goes further, and gives the form of the certificate to be furnished, which sets out the above requisites, and making, if possible, the construction to be given the statute and certificate more certain, about which no doubt could be entertained before.

The first objection made, was to the *non-production* of the original certificate, which the pound keeper, Morrill, testified was amongst the papers in the case ; perhaps however the record of it, read by defendant, may be sufficient.

The next objection raised to the certificate was, that the impounder's residence is not stated. And in one view this objection is deemed important; and that is, that the town or place in which the impounder's enclosure was, is made less certain.

The next objection, that the certificate " did not state the cause of impounding, or that the cattle were doing damage, nor the town or place, where they were taken up, and in which was the impounder's enclosure." These objections, however, amount to this, in whatever different form, they may be expressed, that the cause of the impounding, as required by the express words of the statute, and by the form of the certificate given, is not stated in the certificate, and if so, the defendant utterly fails in his justification.

Now what is the cause of impounding in the case at bar ?

Morse *v.* Reed.

It is for damage done by the plaintiff's cattle on the defendant's land in the town of Cornville.   Nothing less, or different from this can be a cause of impounding.   The cattle were impounded in Cornville.   The cause is not for doing damage on, or to, his land in any other town than Cornville ; nor could defendant justify for it ; for it will not, for an instant, be contended, if the damage was done in one town the defendant would be justified in impounding in another.

If then, such be the cause of impounding ; and if the statute, and form of the certificate given in the 10th section, requires it to be stated in the certificate left by the impounder with the pound keeper, the next inquiry is, is the cause of impounding stated ?

We contend that it is not.

There is a fatal defect or omission in it.

What does the defendant state in his certificate ?   Why that the cattle were " taken in his enclosure ;" without stating where, in what town or place his enclosure was situated. And this is the real objection to these proceedings.   Every fact stated in the defendant's certificate may be strictly true, and yet the plaintiff's cattle not be liable to be impounded. Because if the defendant's land was not in Cornville where the cattle were trespassing they could not be impounded there.

Now on what principle is the defendant to proceed to justfy himself ?

The plaintiff contends he must clearly and distinctly state in his certificate, certain requirements of the statute ; that he must leave nothing to be guessed at, nothing to inference or presumption ; that as he attempts to justify himself under the statute, he must bring himself clearly within its provisions.   It is well settled the law will presume nothing in his favor.

Certain analogous principles deduced from a class of cases in the Massachusetts and Maine Reports, may well enable the Court to settle the construction of the tenth section, and the certificate given in it.   *Smith* v. *Gates*, 21 Pick. 55 ; *Davis* v. *Maynard*, 9 Mass. R. 242 ; *Wellington* v. *Gale*, 13 Mass. R. 483 ; *Lancaster* v. *Pope*, 1 Mass. R. 86 ; *Perry* v. *Dover*, 12 Pick, 206 ; *State* v. *Williams*, 25 Maine R. 561.

If the true construction of the statute (section 10) is, that the impounder shall state the cause of impounding, and that it shall be clearly and fully stated, and not left to be inferred or presumed, the defendant must fail. True he states, that the plaintiff's cattle were in his enclosure, but they might have been in his enclosure without trespassing. For, unless the enclosure is in Cornville, the impounding cannot be justified. There must appear on the face of the certificate itself, enough to show where, in what town, the land is situated.

The advertisement does not locate the defendant's land. It is entirely silent as to the town in which it is situated. He went further and looked at the certificate left with the pound keeper by the impounder. This certificate gave him no information — no notice where the damage was done. It did not point out to him, that the mowing field was in Cornville, that he might go, and ascertain if upon the 16th day of August, his cattle did damage to the amount of $8, there. If the certificate or advertisement had stated that the land was in Cornville, the plaintiff by proper inquiry, could have ascertained the amount of damage, paid it, and liberated his cattle, or had appraisers on, " to view and estimate it upon oath."

The 10th section has, in the case of *Palmer* v. *Spaulding*, 17 Maine R. 239, received a construction, similar to that contended for in this case. I would also refer to the case of *Green* v. *Haskell*, 24 Maine R. 180.

The next objection relates to the proceedings of the pound keeper. And if it should be objected, that the impounder is not accountable for the pound keeper's doings, the answer is, that, as the impounder left with him a defective certificate, he is only suffering the consequences of his own wrong. And besides, the 20th section of c. 30, expressly provides, the action of replevin shall be brought against the impounder, and not the pound keeper.

The first objection is, that the pound keeper's records, do not show that a copy of the advertisement, is inserted therein, according to the requirement of the 8th section of the 30th chapter.

It was then objected, when defendant was permitted to read the record, that it did not show a compliance with the statute, in regard to advertising, in this, that the advertisements were not inserted in a newspaper, or public notice given by the town crier.

The other objections, in this part of the case, are similar to those made to the proceedings of the impounder, and the same remarks apply.

*D. Kidder*, for the defendant.

The first objection made by the plaintiff is, that the defendant in the court below had been permitted to file a brief statement.

It is conceived, that the liberty granted by the court below to file a brief statement was a mere matter of practice, entirely within its jurisdiction and that the Court here will not disturb it. If authority is necessary I think that the cases *Strout* v. *Durham*, 23 Maine R. 483; *Magoun* v. *Lapham*, 19 Pick. 419; and *Gerrish* v. *Train*, 3 Pick. 124, are directly in point.

The plaintiff also objects to the introduction and effect of the pound keeper's book, because the original certificate is not produced. In answer to this, I have to say, that, by the 8th section of the 30th chapter of the Revised Statutes, the pound keeper's book with its records are made legal evidence of all doings thus recorded. And to this point also I would cite 1 Greenl. on Evidence, sections 483, 484 and 485. When the books themselves are produced, they are received as evidence without further attestation, but they must be accompanied with proof that they come from the proper repository.

The plaintiff objects to the certificate, &c., because the impounder's residence is not stated; because it does not state the town or place where the cattle were taken, nor the time when; because the cause of impounding is not stated, and because the town or place in which the defendant's enclosure is, is not stated in it.

By the 10th section, it is provided, that before the pound keeper shall be required to receive any beast into pound, the

impounder shall furnish the pound keeper with a certificate under his hand, briefly describing the beasts, cause of impounding, the amount of damages or forfeiture claimed, charges of impounding then accrued, of the following purport; then follows a form.

I think, from an examinination of the certificate, that the purport of all the requirements substantially appear. To the objections that the pound keeper's residence is not stated nor the town or place in which the cattle were taken up, nor the town or place in which the defendant's enclosure is, I would observe that the certificate is directed to the pound keeper of Cornville, and that the same is dated Cornville, Aug. 16, 1843. *Id certum est, quod certum reddi potest.*

The cause of impounding is sufficiently stated in the certificate, " taken in the enclosure of Sheldon Reed."

The plaintiff further objects to the pound keeper's advertisements, &c. because the day of impounding is not stated, nor posted up in season; because not published in a newspaper; because the town or place of impounder's inclosure is not stated, nor where his residence was, and because the cause of impounding was not stated in said advertisement.

From an inspection of the advertisement it appears that Sheldon Reed, impounder, took in his enclosure and doing damage on the 16th instant, and were committed to pound, and thus the cause of impounding, and the time when, both appear.

To the objection that the advertisement was not posted up in season, the delay being too great, I would say, that the statute requires that the pound keeper shall forthwith post advertisements, &c. The time implied by the word *forthwith* is matter of law and all the circumstances attending the act to be performed should be taken into consideration. It may be worthy of remark, that in a former statute the pound keeper was to advertise within twenty-four hours, and it is not to be presumed that the Legislature intended to impose a more *onerous* duty on the pound keeper.

In this case it appears, that a large number of cattle were impounded at the same time, and from an inspection of the pound keeper's records, it appears that the act of impounding was not completed until half past five o'clock in the evening of the 16th of August, 1843. The pound keeper was under the necessity of furnishing the cattle the same evening and the next morning with proper food and drink.

It became his duty, after performing that service, to write three long advertisements and post them up at three several places.

I think, under all the circumstances of the case, that the Court will have no hesitation in deciding, that the advertisements were seasonably posted up.

To the objection, because the town or place of the impounder's enclosure is not stated, nor where his residence was, I would answer, that the statute does not require it. The name of the impounder only is required, which appears in the advertisement.

To the objection that the advertisement was not published in a newspaper, I can only say, that it appears in the case that no newspaper was published in the county on the 16th, 17th or 18th of August, 1843, and that the cattle were replevied on the same 18th of August at nine o'clock in the forenoon. What object there could have been in advertising in a newspaper, after the cattle were replevied, I cannot see except to enhance the expense, which must have been paid by the pound keeper for his folly.

There is another objection, and that is, that the statute language as to claim is not used. In the advertisement it appears that the owner or owners are notified to pay the damages and costs of impounding and keeping and take the cattle away, which embraces, as I conceive, all that is required by the statute.

The opinion of the Court, present WHITMAN C. J. and TENNEY and WELLS Justices, was drawn up by

WELLS J. — This was an action of replevin, for cattle im-

pounded. It was commenced originally before a justice of the peace. *Non cepit* was pleaded before the justice, and the action was removed, by appeal, to the District Court, in which a brief statement was filed, avowing the taking, in the enclosure of the defendant, damage feasant. A counter brief statement was made, denying, that the place, where the cattle were taken, was the enclosure of the defendant. The statement of the pleadings, in the District Court, we gather from the arguments of the counsel.

Whether the permission was properly granted, to file the brief statement, from the view we have taken of the case, it is unnecessary to determine, and we give no opinion upon that part of it.

The defendant justifies the taking, and must sustain that justification by the law. He must show a full and entire compliance, with the requisitions of the statute.

If he does not do it, he becomes a trespasser *ab initio.* *Smith* v. *Gates*, 21 Pick. 55; *Adams* v. *Adams*, 13 Pick. 384.

By c. 30, § 10, R. S., the impounder is required to furnish the pound keeper with a certificate, the purport of which is given in a form, contained in said section. The form indicates, that the certificate should state the name of the impounder, and the town in which he resides, the owner of the enclosure, and the town in which it is located.

In the certificate, which was furnished, neither the town in which the defendant resided, nor the town in which the enclosure was situate, were mentioned. The certificate is dated at the bottom, at Cornville, and signed by the defendant. But that could indicate nothing more, than the place, where the certificate was made. It did not declare the residence of the impounder, nor the location of his enclosure.

The Legislature must have deemed it essential, that the owner of the cattle should be able to ascertain, from an inspection of the certificate, the residence of the impounder, and the location of the enclosure.

The impounder claims damages and charges, which he might remit or reduce upon a conference.

Morse *v.* Reed.

The owner of the cattle might desire to examine the enclosure, if in the town, in which they were impounded, and ascertain the damages actually sustained, and also to whom the enclosure belonged. If the enclosure was in a town, other than that, in which the impounding took place, the certificate would disclose that fact to the pound keeper, and guide him in his duty, or if, in such a case, the impounding took place, the owner could ascertain, at once, the illegality of the proceeding.

By § 12, the appraisers are to give notice to the person impounding, if known and resident in the same town. If it appeared by the certificate, that he did not reside in the same town, they would be under no obligation to make inquiry for him.

But it is enough for us to ascertain, the existence of the enactments, without exploring the reasons of them.

The requirements of the statute are very general, probably as much so, as was thought would comport with the interests of the community, and ought not to be made more so, by construction. But they are plain, and easily to be followed.

By § 15, the pound keeper is required to state in the advertisements, the " time and cause of impounding."

In the copy of the advertisements furnished to us, the time of the taking up, by the defendant in his enclosure, is stated to be " on the 16th inst." and the advertisement bears date, " August 17, 1843."

The advertisements do not exhibit whether the impounding was on the sixteenth or seventeeth day. Probably it was on the day, when they were taken up, but it is not so stated as the statute requires. The defendant having failed, in our opinion, in establishing his justification, the exceptions must be sustained.