## John W. Wyke v. W. A. Wilson, Appellant.

*Landlord and tenant—Distress—Lease—Sale of tenant's goods.*

A landlord who distrains for rent and sells the goods without having them appraised as required by law is a trespasser ab initio, and he is not protected under a clause of the lease by which the goods were granted and sold to him as security for the rent, with a further provision that for rent in arrears the lessor might seize the goods on or off the premises, and sell them on three days' notice.

In such a case the lease gave the landlord certain rights in addition to those given by law, but his legal rights and remedies were preserved, and when he undertook to proceed to collect the rent by distress, and sell upon the landlord's warrant, he was bound to proceed in the manner prescribed by law.

Argued Oct. 30, 1895.    Appeal, No. 151, Oct. T., 1895, by defendant, from judgment of C. P. No. 3, Allegheny Co., May T., 1894, No. 587, on verdict for plaintiff.    Before STER-RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN and FELL, JJ.    Affirmed.

Trespass for goods sold under an alleged illegal distress for rent.    Before PORTER, J.

At the trial it appeared that on April 1, 1893, plaintiff leased certain real estate from defendant's assignor. The lease contained the following clause:

" As a security for the rent, the tenant grants, bargains and sells to the lessor all property of every kind on, or to be brought on, the premises, and whenever rent is unpaid the lessor may seize said property, on or off the premises, and sell the same on three days' notice for all rent due, etc., and for all rent not due hold the same as security."

On March 17, 1894, defendant distrained on plaintiff's goods but made no appraisement of them as required by law. He sold the goods on March 30, 1894. The evidence tended to show that on the day of the sale defendant forced his way into plaintiff's house with a loaded revolver, and during the sale pointed the revolver at several people.

Defendant's points were as follows:

1. Under and by virtue of the terms and conditions of the lease

which has been offered in evidence, the goods upon the premises which were seized and sold by the defendant were, as between the parties, the goods of the defendant, to be held by him, and if necessary to be sold by him in satisfaction of any rent due and in arrear under the said lease. *Answer:* This point is refused. The lease gave the landlord certain rights, in addition to those given by law, but his legal rights and remedies were preserved, and when he undertook to proceed to collect the rent by distress, and sell upon the landlord's warrant, he was bound to proceed in the manner prescribed by law. [1]

2. If the jury believe that at the time said goods were seized and sold there was rent in arrear from the plaintiff to the defendant, then the defendant had the right to go upon the premises, with or without a landlord's warrant, and seize and sell such of said goods as were necessary to satisfy the rent in arrear, first giving three days' notice of the time and place of sale. *Answer:* This point is refused. If the landlord elected to proceed by landlord's warrant and distrain for rent, it was his duty to make an appraisement and proceed according to law. [2]

3. If the jury believe that at the time said goods were seized and sold by defendant, there was rent in arrear, and that the defendant sold the same *bona fide* at public sale for and towards the satisfaction of said rent, after giving more than three days' notice of the time and place of sale, then such sale was in itself lawful, and the plaintiff cannot recover in this action, unless the jury find that the defendant or those acting under him, was guilty of unlawful acts in the conduct of said sale. *Answer:* There being no question under the evidence that the landlord elected to proceed by landlord's warrant, the constable making the distress and advertising the sale under the warrant, and actually selling under the proceedings upon the warrant, the third point is refused. [3]

Verdict and judgment for plaintiff for $125. Defendant appealed.

*Errors assigned* were (1–3) above instructions, quoting them.

*Frank Thompson*, *W. H. S. Thomson* with him, for appellant.—

Either party to a legal and valid contract may waive therein any right which the law gives him; and, having done so, he cannot afterwards be heard, in the face of such waiver, to insist upon that right. It will hardly be contended that the provisions of the lease above quoted were not valid and binding upon the parties.

The courts have well held that when the landlord seeks to make his rent by distress and sale of his tenant's goods, every provision of the act of assemby must be complied with, or he becomes a trespasser ab initio. But here the landlord was not selling his tenant's goods. He was selling his own goods. They were conveyed to him by the tenant's solemn instrument under seal as security for the rent.

*J. M. Swearingen,* for appellee.—The omission of the appraisement was fatal to the proceedings, and the appellant became a trespasser ab initio: Kerr v. Sharp, 14 S. & R. 399.

Even if he had proceeded lawfully, the acts of appellant at the sale would have made him a trespasser. Richards v. McGrath, 100 Pa. 389.

The proposition that appellant is not liable because of his alleged assignment of the goods in the lease is unsound. Fernwood Masonic Hall v. Jones, 102 Pa. 307.

OPINION BY MR. JUSTICE McCOLLUM, January 6, 1896:

While the evidence descriptive of the defendant's conduct at the sale was conflicting, it clearly showed that he went there prepared for war. He carried with him a loaded revolver and his exhibition of it there was, to say the least of it, consistent with a purpose on his part to intimidate the plaintiff and his family. When it is considered that the property he proposed to sell to satisfy his disputed demand for rent was not worth, according to his estimate of its value, more than fifteen dollars, and that he could not realize from the sale of it more than seven dollars, exclusive of costs, it would seem that the methods he adopted to compel the sale were too expensive. This is a view of them that may have occurred to him after the verdict.

All the specifications of error may be considered together because they really raise but one question and that is whether in making the sale the defendant was a trespasser. We agree

. with the learned court below that he elected to proceed for his rent under the statute which confers and regulates the exercise of the right of distress, and that having so elected he was bound to conform to its provisions in order to validate the sale. That his lease gave him another procedure for collecting the rent did not qualify or dispense with any of the requisites of the proceeding under the statute. If he failed to comply with the requirements of the latter he became a trespasser ab initio, and there is nothing in the lease which can relieve him from the consequences of his noncompliance. The property was not distrained as his but as the property of the tenant, and the proceeding subsequent to the seizure of it should have been conducted precisely as if the lease had not given him another remedy: Fernwood Masonic Hall Association v. Jones, 102 Pa. 307.

It is conceded that the appraisement required by the statute was not made, and it is settled that the failure to make it was fatal to the proceeding and rendered the defendant a trespasser ab initio: Kerr v. Sharp, 14 S. & R. 399; Quinn v. Wallace, 6 Wharton, 452, and Brisben v. Wilson, 60 Pa. 452.

Judgment affirmed.