### AMERICAN MORTG. CORPORATION v. WYMAN.

No. 7606.

Court of Civil Appeals of Texas. Austin.
July 1, 1931.

Rehearing Denied July 25, 1931.

S. A. Williams, of Dallas, for appellant.

Sewell, Taylor, Morris & Garwood and W. J. Knight, all of Houston, for appellee.

BLAIR, J.

This appeal is from an order overruling the plea of privilege in statutory form of appellant American Mortgage Corporation to be sued in Dallas county, its domicile. Appellee sued appellant in Harris county for conversion of his automobile, and in his affidavit, controverting the plea of privilege, alleged that appellant was a corporation; that it had sued appellee in Dallas county on a note and to foreclose a chattel mortgage lien on the automobile; that it had caused a writ of sequestration to issue out of that suit under which an officer seized the automobile while it was in the possession of appellee in Harris county; that the officer, without any order of the court issuing the writ of sequestration and without the consent of appellee, delivered the automobile in Harris county to appellant's agents, who drove same from Harris county to Dallas county, where appellant sold same at private sale, thereby converting the automobile to its own use. The evidence on the hearing of the plea of privilege established without controversy the principal facts alleged by appellee in his controverting affidavit, except that there was controversy with respect to whether appellant sold the automobile at private sale after obtaining possession thereof under the writ of sequestration and the delivery to it by the officer seizing the automobile. On this issue, appellee introduced a letter, dated April 28, 1930, written by counsel for appellant to counsel for appellee, in which counsel for appellant stated that the automobile had been sold before that date in satisfaction of the judgment, and that there remained approximately $100 due on the judgment. On the hearing of the plea of privilege, counsel for appellant testified that he wrote the letter without an examination of the files in the case, and offered in evidence the judgment render-. ed in favor of appellant against appellee in the Dallas county suit, which judgment bore date of April 1, 1930, and which provided that "an order of sale issue," and that the automobile be "sold as under execution in satisfaction of this judgment."

Appellant also offered in evidence an order of sale, issued on this judgment, dated April 22, 1930, and addressed to the sheriff or any constable of Dallas county, ordering the sale of the automobile as under execution in satisfaction of the judgment. This the constable of precinct No. 1, Dallas county, executed, making the following returns thereon: "Came to hand on the 22nd day of April A. D. 1930 Ret. Executed this 31st May A. D. 1930, by levying on the within described property and selling to plaintiff for $60.00 collecting fee of $7.50 from plff. Jdgment. not satisfied."

The constable executed the bill of sale to appellant, which recites that he seized on March 1, 1930, the automobile in suit under an order of sale issued March 1, 1930, on a judgment dated March 1, 1930; and that he sold the automobile to appellant, after notice as required by law, on May 30, 1930, the bill of sale being executed before a notary public on May 30, 1930. No evidence was offered as to these discrepancies and impossible dates in the returns of the officer and in his bill of sale.

Upon this evidence, the trial court found and concluded that the pleadings and evidence adduced on the hearing of the plea of privilege showed at least prima facie that appellant was a private corporation; that it was guilty of conversion of appellee's automobile, in that, having elected to seize the automobile under a writ of sequestration and to proceed to judgment of foreclosure in order to subject the automobile to the satisfaction of the mortgage lien, it had no right thereafter to deal with the automobile, except in accordance with statutory provisions of forced sale as under execution; and that sale, before the time prescribed for sale as under execution, constituted a conversion of the automobile, a part of which cause of action for conversion arose in Harris county, thereby sustaining venue of the suit in Har-

ris county under subdivision 23 of article 1995, which provides that "suits against a private corporation * * * may be brought in any county in which the cause of action, or a part thereof, arose."

■■ There is no question as regards the rights of the appellant corporation to obtain possession of the automobile under the provisions of the mortgage executed by appellee, by reason of the fact that the automobile may have been taken from the county where it was originally mortgaged, or because of default in payment of the monthly installments due on the note; but the question here raised relates to the acts of appellant after it had obtained possession of the automobile under the writ of sequestration. The appellant corporation elected to seize the automobile under a writ of sequestration and to procure judgment of foreclosure in order to subject the automobile to the satisfaction of its lien on the sale, and, having thus elected its remedy, it had no authority to thereafter deal with the automobile in any capacity other than as a mortgagee withholding possession from the mortgagor under a writ of sequestration. Cameron v. Hinton, 92 Tex. 492, 49 S. W. 1047; Neill v. Johnson (Tex. Civ. App.) 234 S. W. 147; Sabine Motor Co. v. English Auto Co. (Tex. Com. App.) 291 S. W. 1088. And since appellant caused the seizure of the automobile by the constable in Harris county under the writ of sequestration, it had no right to thereafter deal with the automobile as owner. Mathes v. Huey-Philp Hdw. Co. (Tex. Civ. App.) 22 S.W.(2d) 1073; Soell v. Hadden, 85 Tex. 182, 19 S. W. 1087; Payne v. Lindsley, 59 Tex. Civ. App. 545, 126 S. W. 329; Singer Mach. Co. v. Rios, 96 Tex. 174, 71 S. W. 275, 60 L. R. A. 143, 97 Am. St. Rep. 901; Harling v. Creech, 88 Tex. 300, 31 S. W. 357. And since the trial court found that the sale was made before the time the automobile could have been sold by appellant under judicial process, that appellant thereby converted the automobile. Adami v. Bowers (Tex. Civ. App.) 21 S.W.(2d) 590; Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142; Sabine Motor Co. v. English Auto Co. (Tex. Com. App.) 291 S. W. 1088, 1089; Cameron v. Hinton, 92 Tex. 492, 49 S. W. 1047.

■ Nor do we sustain appellant's contention that there was no evidence to sustain the finding of the trial court that appellant sold the automobile, after obtaining possession of it under the writ of sequestration, prior to the time it could have been legally sold as under execution. The evidence established these facts at least prima facie, which is all that is necessary to sustain venue of a suit attacked by a plea of privilege. Palmer v. Pinkston (Tex. Civ. App.) 282 S. W. 668; Miller v. Flynn (Tex. Civ. App.) 279 S. W. 879; Bowers v. Bryant-Link Co. (Tex. Com. App.) 15 S.W.(2d) 598; San Marcos Baptist

Academy v. Burgess (Tex. Civ. App.) 292 S. W. 626. It is true that appellant offered in evidence an order of sale and a bill of sale to the automobile, but the order of sale was dated April 22, 1930, and the officer's return thereon showed that he made the sale thereunder May 31, 1930; whereas, the bill of sale recited that the sale was made May 30, 1930, and was sworn to before a notary public on the same day. It also recited that the order of sale was issued on March 1, 1930, on a judgment dated March 1, 1930, whereas, the judgment and order of sale relied upon by appellant were dated, respectively, April 1, 1930, and April 22, 1930; and counsel for appellant wrote counsel for appellee that the automobile had been sold prior to April 28, 1930; and that the proceeds had been applied to the satisfaction of the judgment, leaving a balance of about $100 due thereon. A legal sale of the automobile could not have been made prior to May 3, 1930, in satisfaction of the judgment. In order for appellant to overcome the prima facie facts thus established, it should have had the officer's returns corrected, if incorrect, as required by statute. It should also have required the officer to execute a correction bill of sale, if the one introduced was not correct in reciting that the order of sale and judgment furnishing its basis were not dated March 1, 1930.

■■ The only fact remaining to be determined then is whether this cause of action for conversion arose partly in Harris county. It is indispensable to the maintenance of the cause of action for conversion for the complaining party to prove that the original taking of the property was without his consent. Appellee proved that appellant took the automobile under a writ of sequestration issued out of his suit in Dallas county from the possession of appellee in Harris county; that the officer taking possession of the automobile under the writ delivered same to agents of appellant without the consent of appellee in Harris county, and that the agents of appellant drove the automobile from Harris county to Dallas county, where appellant sold it prior to the time the judicial sale could be legally made. All acts of appellant, with the exception of the sale of the automobile, occurred in Harris county, and are sufficient to support venue in that county in a suit against a corporation, even though the breach or violation of the right made the basis of the suit occurred in some other county.

■ It is settled law that a cause of action is that in which the plaintiff's remedy has its origin, the fact or facts giving him the right to bring the suit. Western Wool Com. Co. v. Hart (Tex. Sup.) 20 S. W. 131; Danciger v. Smith (Tex. Civ. App.) 229 S. W. 909; Mercantile Bank & Trust Co. v. Schuhart, 115 Tex. 114, 277 S. W. 621.

In this case, the acts and transactions which occurred in Harris county showed that the right of appellee to the undisputed possession of his automobile was violated by the seizure under the writ of sequestration in Harris county; that the possession of the automobile was obtained by appellant under circumstances imposing upon appellant the duty to thereafter deal with it in accordance with the statutes regulating the sale of property under execution. The facts and circumstances imposing this duty upon appellant arose in part in Harris county, and, the car being in Harris county when seized, is sufficient to sustain venue in that county under subdivision 23 of article 1995, which provides that suits against a corporation may be brought in the county in which the cause of action or a part thereof arose.

The trial court also found and concluded that the pleadings and evidence adduced on the plea of privilege showed at least prima facie that appellant seized and took possession of and converted the automobile to its own use under circumstances which constituted the original taking a trespass ab initio against appellee in Harris county, in that, having elected to sequester and to proceed to judgment of foreclosure in order to subject the automobile to the satisfaction of its mortgage lien, it had no right to thereafter deal with the automobile except to sell as under execution, and that the sale, prior to the time for a sale under execution, constituted the original taking under the writ of sequestration a trespass ab initio against appellee, occurring in Harris county, thereby sustaining venue of the suit in Harris county under subdivision 9 of article 1995, which provides that "a suit based upon a * * * trespass may be brought in the county where such * * * trespass was committed." This proposition is also based upon the alleged fact that appellant sold the automobile before the time it could have been sold under judicial process, and that the sale under such circumstances amounted to a conversion of the automobile, and that the action of appellant in wrongfully seizing the automobile amounted to a trespass ab initio, entitling appellee to a judgment for the value of the automobile at the time it was seized in Harris county, thereby bringing the same within the provision of the statute authorizing the institution of the suit in the county where the trespass was committed. It seems that the doctrine of trespass ab initio is firmly established in the common law of this country, that is, it has been recognized to be the law in this and in other states. In the case of Humphreys Oil Co. v. Liles (Tex. Civ. App.) 262 S. W. 1058, 1064, the court quoted the following from 26 R. C. L., 943, § 18:

"The rule is well established that where an authority given by law is exceeded the party loses the benefit of his justification, and the law considers him a trespasser ab initio, although to a certain extent he followed the authority given. The law will operate retrospectively to defeat all acts thus done under color of lawful authority, when exceeded, and a fortiori will it operate retrospectively to prevent the acquisition of any lawful right by the excess and abuse of authority given for useful and beneficial purposes."

"The same doctrine extends to private citizens acting under authority of law. Hence a person becomes a trespasser ab initio where he enters an inn lawfully if, after entry, he commits an assault on the owner or trespass on his property; or where he takes up an estray and uses it, not as a matter of necessity and for the benefit of the owner, but for his own benefit; or where, having a right to remove a trespasser's goods from his premises, he abuses his authority."

And in the same case, the court quoted as follows from 38 Cyc. 1000: "The general rule is laid down that where an entry is made or possession of property taken by authority of law which would be a trespass but for such authority, a subsequent abuse of the authority renders the doer a trespasser ab initio, and is applied to a mere failure to fulfill the conditions attached to the exercise of the right."

In affirming the decision of the Court of Civil Appeals, supra, the Commission of Appeals, in 277 S. W. 100, 103, used the following language: "The Court of Civil Appeals correctly ruled that the trial court did not err in refusing to submit the defendants' requested special issue as to whether or not the erection and maintenance of plaintiffs' dam on Plummer's creek interfered with the rights of the defendants as the owner of the mineral lease upon said land. Conceding that such structures were a nuisance or otherwise did interfere with the defendants' rights in the operation of their lease, the utmost that could be said is, the defendants would have the right, if they could do so peaceably, to abate the nuisance or remove the obstruction, without resort to court, provided in doing so they would go no further than the necessity required and not commit any overt act to their individual profit or advantage, beyond the proper enjoyment of their lease rights. But under the undisputed evidence and the findings of the jury, the defendants have gone further and have made unnecessary personal gain to themselves by appropriating to their own use the impounded and escaping oil. In such a case the original act would not be excused ex necessitate rei, but rather would be attributed to the wrongful purpose to appropriate." Burton v. Calaway, 20 Ind. 469; Jorgenson v. Story, 78 Mont. 477, 254 P. 427; Morse v. Reed, 28 Me. 481; Coffin v. Field, 61 Mass. (7 Cush.) 355, in which it is held that, "it is well settled, that a party who justifies the taking of

another's property, under legal authority or process, must show that he has acted strictly in conformity with the requirements of law; otherwise, he will be considered a trespasser ab initio, and liable to an action of trespass at common law."

Again, in the case of Smith v. Gates, 38 Mass. (21 Pick.) 55, where defendant acting under a statute requiring the appraisement of the value of an animal and allowing a sale after 24 hours following appraisement, which appraisement was concluded at 10:30 a. m. on May 30th and at 9:45 a. m. on the same day notice was posted calling for the sale at 10 a. m. the next day, the sale being had at 10:10 the next day, the defendant was held liable for conversion, the court saying, that "the defendant, having failed to conform to the requisitions of the statute, has clearly made himself a trespasser ab initio, and the plaintiff is entitled to recover the value of the horse so taken and sold." See, also, Wyke v. Wilson, 173 Pa. 12, 33 A. 701; Pope v. Ray (Tex. Civ. App.) 244 S. W. 1032.

■ Since appellant seized the automobile in Harris county under the writ of sequestration, but thereafter dealt with the property as owner, whereas, it should have sold the same as under execution, the later wrongful acts will operate retrospectively to prevent the acquisition of any lawful right by abuse of authority given for useful purposes; and since the conversion of appellee's automobile occurred in Harris county, under such circumstances as constituted the taking a trespass ab initio against appellee, venue of the suit for conversion is sustained in Harris county by virtue of subdivision 9 of article 1995, which provides that a suit for trespass may be brought in the county where the trespass is committed.

The judgment of the trial court will be affirmed.