Noel et ux. *v.* Cresson Lumber Co., Appellant.

Argued April 17, 1934.

Before Trexler, P. J., Keller, Stadt-feld, Parker and James, JJ.

*Arthur A. Nelson,* and with him *Philip N. Shettig,* for appellant.

*G. Harry Isaacson,* and with him *C. Randolph Myers,* for appellees.

Opinion by Stadtfeld, J., July 13, 1934:

This is an appeal by Cresson Lumber Company, defendant, from a judgment recovered against it by Thomas F. Noel and Goldie H. Noel, his wife, plaintiffs in an action of trespass for recovery of damages for an alleged illegal levy and sale of plaintiffs' personal property on a distraint under a landlord's warrant.

The statement avers, inter alia, the demise by defendant to plaintiffs, under a written lease, dated November 14, 1930, of a certain house and lot in Cresson Township, Cambria County, at a stipulated monthly rental; that plaintiffs, as tenants, became indebted to defendant for rent, and on January 4, 1932, the latter, through its agent, one C. L. Gutwald, served on plaintiffs a landlord's warrant and made levy on certain personal property of plaintiffs; that on February 15, 1932, defendant, without having an appraisement made, unlawfully caused the personal property of defendant to be sold at public sale; that proper notice of said sale was not given and no appraisement whatsoever was made; that by reason of said alleged unlawful actions of defendant company plaintiffs suffered a total loss of said personal property. Defendant filed no affidavit of defense. The case came to trial before a court and jury. At the trial, plaintiffs were allowed to amend their statement of claim by adding thereto an averment to the effect "that the agent of defendant company, C. L. Gutwald, made the appraisement (levy) after dark on the evening of January 4, 1932."

At the trial, the testimony of plaintiffs was to the effect that the distraint had been made after sundown; that on behalf of defendant company that it was made before sundown; there was also testimony on its behalf that Thomas F. Noel of plaintiffs had orally waived appraisement of the goods. Plaintiff, Thomas

F. Noel, in one part of his testimony specifically and definitely admitted that he had waived the appraisement; subsequently, on being recalled, he claimed not to have understood the question in the first place, and then denied having waived the appraisement. There was also testimony that the sale had, at the request of said Thomas F. Noel, been postponed a number of times before it finally took place. There was some conflict of testimony as to whether the goods sold belonged to Thomas F. Noel or whether they were owned in entireties by him and his wife, co-plaintiff.

A request ex parte defendant for binding instructions was refused. The court submitted the case to the jury on the questions of whether or not there had been an unlawful distraint, dependent on the time when the levy was made, and whether or not there had been a waiver of appraisement. The jury found in favor of plaintiffs in the sum of $800. A motion for judgment non obstante veredicto was overruled by the court in an opinion by McCann, P. J., and judgment entered on the verdict. From that judgment this appeal was taken by defendant company.

Appellant assigns as error the refusal of the court to enter judgment n. o. v. for defendant. It is claimed on its behalf that the provision in the lease of a bill of sale whereby the lessees, plaintiffs, sold to defendant as security for the rent the personal property upon the premises, prevents any recovery under the claim of an illegal distraint. Appellant, however, loses sight of the fact that it did not assert title to the goods, under the assignment in the lease, but distrained them for rent as the goods of the tenant and after the distress, while holding them thereunder, it was bound to act in all respects as if the tenant were the owner: Fernwood Masonic Hall Assn. v. Jones, 102 Pa. 307; Wyke v. Wilson, 173 Pa. 12, 33 A. 701.

The verdict of the jury is decisive of the fact that

the distress was illegal, as also that there had been no waiver of appraisement. If there was no waiver of appraisement, there is nothing from which an implied waiver of an illegal distress can arise. The case was submitted by the trial judge in a proper charge and there was legally competent evidence to sustain the verdict.

The assignments of error are overruled and judgment affirmed.