EMPIRE TIMBER & LUMBER COMPANY v. J. A. MOONEY.

Decided May 4, 1910.

**1.—Trial—Submission of Issues.**

An instruction to the jury must be applicable to the case made by the evidence and no charge should be given upon an issue where there is no evidence to sustain it.

**2.—Same—Breach of Contract—Case Stated.**

In an action for damages for breach of contract to furnish a certain number of railroad ties made of long leaf pine, where the defendant admitted that a large part of the ties delivered were made of short leaf pine, and failed to reply to a letter from the plaintiff complaining of that fact and notifying him of the reduced price at which the rejected ties could be sold and stating that unless the defendant answered in a reasonable time objecting to the sale of said ties at said price his silence would be taken as an assent that plaintiff might so dispose of them, and, after the lapse of a reasonable time the plaintiff sold them at said price it was error for the court to instruct the jury to return a verdict for the defendant if they found that said sale was not a reasonable or just one, there being no evidence raising such issue.

**3.—Evidence—Written Instrument—Province of Court.**

It is the province of the court and not of the jury to judge of the legal effect of written instruments, including letters, offered in evidence.

Appeal from the County Court of Tyler County. Tried below before Hon. A. G. Reid.

*Broughton & Smith,* for appellant.

*Mooney & Mann,* for appellee.

McMEANS, ASSOCIATE JUSTICE.—The Empire Timber & Lumber Company sued J. A. Mooney to recover damages growing out of a breach of contract. Plaintiff alleged that on or about October 7, 1907, appellee contracted to sell it 2000 long leaf pine ties at $11.50 per thousand feet; that said ties were bought by appellant for the purpose of resale, and were in fact already resold and were to be shipped direct from appellee's mills to Oelwein, Iowa; that appellee knew both these facts, and knew appellant would never see said ties; that appellant had sold the ties and was to get therefor $12 per thousand feet; that it relied on appellee to ship the character of ties ordered; that appellee shipped four carloads of ties under said order; that upon the arrival of said ties at said destination three carloads were rejected because they were short leaf instead of long leaf ties as ordered; that immediately upon being advised that said ties were rejected for said reason, appellant notified appellee of such rejection and the reason therefor, and that the appellee notified appellant to do the best it could in the disposition of same under the circumstances; that after due diligence and care in the disposition of said ties, under the circumstances, it was compelled to accept $4 per thousand feet for same, which resulted in a loss to appellant of $341.01.

The defendant answered by general demurrer and general denial, and specially that he did contract to sell appellant long leaf ties, and the number as alleged by it; that he shipped the ties in accordance with the contract, in good faith, and that he was paid for same, as alleged by appellant; that long after appellant paid for the ties as alleged, a complaint was made as to the character of the ties, to which complaint he declined to reply until appellant advised him that it had a great deal of money tied up with the parties to whom the ties were shipped and could get no settlement with said parties until the claim on the ties had been adjusted, and that it would be a favor to it (appellant) if appellee would agree to a reasonable adjustment of the claim; that to accommodate appellant, and relying on the truth of its statement, he agreed that it could make a reasonable sale of the ties; but appellee charges that appellant falsely and fraudulently represented such state of affairs for the purpose of getting his consent to sell said ties in order that appellant could take advantage of him, and that pursuant to such purpose and design, appellant made an unreasonable and unjust sale of said ties; that the sale of said ties was made without appellant calling appellee's attention to the terms thereof and without giving him an opportunity to dispose of said ties himself; that he could and would have sold same without any loss whatever had he been given such opportunity; that appellant concealed the real facts from him until said ties were beyond his reach.

The case was tried before a jury and resulted in a verdict and judgment for defendant, from which the plaintiff has appealed.

The evidence in the record justifies the following conclusions of fact: Defendant contracted to manufacture and ship to Oelwein, Iowa, to plaintiff's order, 2000 long leaf pine ties for the price of $11.50 per thousand feet. At the time of making this contract defendant knew that plaintiff intended the ties for resale and that it had ordered the ties to fill a contract with parties at Oelwein, and also knew that plaintiff would not have an opportunity to see and inspect the ties before they would be tendered to its customer. A great many of the ties shipped were rejected by the customer on the claim that they were of short leaf instead of long leaf pine. In trying to adjust the matter and to refute the claim, plaintiff wrote to defendant requesting that he furnish an affidavit that the ties were of long leaf pine. This letter was referred by defendant to the manager of his saw mills where the ties were manufactured, with the request that the desired affidavit be furnished, and in reply the manager answered that he could not make the desired affidavit; that the greater part of the ties shipped were of short instead of long leaf pine, but that it was stated at the time of the shipment that they would go all right as they were only sap ties. On June 11, 1908, defendant forwarded this letter to the plaintiff, after he had written at the bottom of it the following:

"Dear Sirs: Make the best of this you can under above statement. We are in for it.   J. A. Mooney."

It appears that plaintiff had contracted to sell the ties at $12 per thousand feet, but upon receipt of the letter above mentioned

plaintiff proceeded to negotiate for the sale of the rejected ties, and having received a proposition for the purchase of them at $4 per thousand feet, wrote defendant that their customers would pay for the rejected ties the amount of $8 less than originally billed to them, and asking defendant if he wished to make the settlement himself, and stated, "If we do not hear from you in a reasonable time we shall consider your silence an assent to this proposition," etc. Defendant thinking that the $8 mentioned had reference to the total sum to be deducted from the contract price, wrote plaintiff that he would stand the loss, and authorized the settlement. Plaintiff, perceiving defendant's mistake, wrote him explaining fully that the sum mentioned had reference to the deduction per thousand feet and not for the entire contract price. To this letter defendant never replied. After waiting a reasonable time plaintiff closed out the ties at $4 per thousand feet.

The court charged the jury as follows: "If you believe from the evidence before you that said contract was filled by defendant in accordance with its terms and specifications, plaintiff is not entitled to recover in this case any sum of money whatever, and you will find for the defendant if you find that said ties were shipped by defendant as called for in said order, unless you find that defendant is bound by the authority given in his letter of June 11, 1908, written to T. M. Hyde by J. A. Mooney, and upon which he authorized said adjustment, and if you find that the plaintiff made the settlement on said advice, and that the same was a just and reasonable settlement, you find for plaintiff for such sum as will reimburse it for the difference between rejected ties, between $4 per thousand and $12 per thousand feet, not to exceed $400; and if you find that said settlement was not a reasonable or just one under all the circumstances before you, you will find for the defendant, and so say by your verdict."

So much of the charge which reads, "If you find that said settlement was not a reasonable one or a just one under all the facts and circumstances of the case, you will find for defendant and so say by your verdict," is complained of by appellant in its third assignment of error under the proposition that the charge must be applicable to the case as made by the evidence, and that no charge should be given upon an issue where there is no evidence to sustain it.

The assignment must be sustained. Defendant had admitted that the ties were not such as were ordered and that "we are in for it." He had been notified of the price plaintiff had been offered for the rejected ties, that his silence would be accepted by plaintiff as assent on his part that plaintiff should accept the offer, and was given the opportunity to make the settlement himself. When plaintiff ascertained that defendant did not understand the terms which the purchaser offered for the ties, he was clearly informed of them and knew that his silence would be regarded by plaintiff as his assent to the proposition. His explanation of his failure to reply, that the proposition was so ridiculous as to require no reply, will not answer. Having failed to object when he should, when he knew that his silence would be treated by plaintiff as his assent to the sale of the

ties at $4 per thousand feet, he became bound to plaintiff upon the sale of the ties for the sum for the difference between the price that plaintiff had contracted to sell the ties ordered by it and the price which it so received for those actually shipped, and it follows therefore that the charge submitting to the jury the issue as to whether the ties were sold at an unreasonable or unjust price, should not have been given.

By its second assignment appellant complains of that part of the charge in which the court submitted to the jury the question of whether defendant was bound by the authority given in his letter of June 11, 1908, above quoted, authorizing the settlement. Appellant urges in its proposition under this assignment that it is the province of the court and not of the jury to judge of the legal effect of written instruments introduced in evidence, and that it is error for the court to leave such duty to the jury. The assignment is sustained. Soell v. Hadden, 85 Texas, 187.

We have examined but find no reversible error in the other assignments of error presented by appellant in its brief.

For the errors indicated the judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*