E. E. SOELL v. ROBERT G. HADDEN.

No. 7347.

1. Chattel Mortgage.—See instrument held to be a chattel mortgage and not a conditional sale.

2. Same—Charge.—If there is no ambiguity in an instrument, and the intention of the parties may be ascertained from its terms without explanation, it is the duty of the court to construe it for the jury, and to instruct them as to the rights of the parties.

3. Parol Evidence Outside a Written Contract.—Parol evidence is not admissible to show the construction placed upon a written contract by the parties, where the intent is expressed in the writing.

4. **Conditional Sale—Mortgage.**—A conditional sale passes the title to the property to the vendee, with the reservation or condition that the vendor may repurchase the same at a fixed price and at the specified time. If there is a debt, it becomes extinguished by the transaction. The delivery of the possession of the property to the mortgagee or vendee does not affect the question of the character of the instrument.

5. **Acquiescence.**—A transaction between two parties was had by which a horse was transferred and delivered; the vendor or mortgagor insisting that it was delivered as security, the vendee or mortgagee insisting that it was a conditional sale, and that the conditions had been forfeited. The mortgagor did not bring suit for a term somewhat less than a year after the other party had claimed the horse upon the condition as forfeited. *Held*, that such delay did not amount to an acquiescence, so as to estop his recovery.

6. **Mortgagor Suing for Mortgaged Property — Tender.**—A mortgagor suing for the recovery of the mortgaged property unlawfully detained by the mortgagee, is not under the necessity of making a tender before suit of the money owing on the property. The defendant has the right to foreclosure, so as to subject the property to his debt.

7. **Mortgage only a Security.**—The doctrine that the legal title vests in the mortgagee after breach of its condition does not obtain in this State—not even as to personal property. A mortgage as to both real and personal estate is treated as a mere security for the debt.

ERROR from Kendall. Tried below before Hon. T. M. PASCHAL.

*Tarlton & Keller*, for plaintiff in error.—The construction of all written instruments belongs to the court alone. Unless this were so there would be no certainty in the law; for a misconstruction by the court is a proper subject, by means of a bill of exceptions, of redress in a court of error; but a misconstruction of a jury can not be set at right at all, effectually. The court should have told the jury that the instrument was a mortgage and instructed a verdict for plaintiff. Nilson v. Harford, 8 M. & W., 806; 2 Field's Law. Briefs, sec. 116; 1 Wait's Act. and Def., p. 114, sec. 2; Chit. on Con., 76, 77; Luckett v. Townsend, 3 Texas, 119; Watts v. Johnson, 4 Texas, 311; Jones v. Thurmond, 5 Texas, 318; Stephens v. Sherrod, 6 Texas, 294; Horne v. Puckett, 22 Texas, 201; Hudson v. Wilkinson, 45 Texas, 444; Herm. on Chat. Mort., secs. 19, 20; Jones on Chat. Mort., secs. 26–29.

*Wm. Aubrey*, for defendant in error.—1. The proper construction of written instruments frequently is, and in this case was, a mixed question of law and fact, and proper as such to be submitted to a jury for its determination, under proper charges from the court. Taylor v. McNutt, 58 Texas, 71; Goldman v. Blum, 58 Texas, 630; Haldeman v. Chambers, 19 Texas, 1.

2. The instrument known as exhibit A became an absolute bill of sale on the happening of the condition named in it. [See opinion.]

3. A mortgagee lawfully in possession can not be dispossessed by the mortgagor until the mortgage is satisfied. He can not recover in trover, even after payment, but must bring a bill to redeem. Watts v. Johnson, 4 Texas, 317; Hannay v. Thompson, 14 Texas, 142; Duke v. Reed, 64 Texas, 715; Holmes v. Bell, 3 Cush., 322; Brown v. Bement, 8 Johns., 96; Burdick v. McVanner, 2 Den., 170; Jones on Chat. Mort., secs. 7, 1093–1095.

GARRETT, PRESIDING JUDGE, *Section B.*—This action was brought by the plaintiff in error, E. E. Soell, in the District Court of Kendall County, November 15, 1886, against the defendant in error, Robert G. Hadden, for the recovery of a certain stallion, or his value, which was alleged to be $500, and for damages.

Plaintiff alleged, that on or about August 3, 1885, he pledged and mortgaged the stallion to the defendant to secure the payment of a debt of $145; that possession of said stallion was delivered to the defendant solely for the purpose of securing said indebtedness, which had been fully paid off and satisfied; but the defendant wrongfully refused to deliver up and return the stallion to the plaintiff, and defendant deprived him of the value of said animal, to his damage $50 a month. Plaintiff prayed for restitution of the horse, and in the alternative for his value, and for damages for his detention.

Defendant pleaded in answer, that the instrument was a conditional bill of sale, and not a mortgage; that it was executed to secure the punctual payment of plaintiff's note for $145, dated July 31, 1885, payable by defendant to plaintiff, or order, one month after date; that when the note became due demand was duly made of plaintiff for the payment thereof, but plaintiff failed to pay the same, and defendant elected to keep the horse and cancel and return the note, which he did. Defendant prayed that the title to the horse be decreed to him, for general relief, and that if plaintiff should be allowed to recover, defendant have judgment for $450 for the care of the horse, and the amount of the note and interest.

The instrument under which the defendant claimed was made an exhibit to the defendant's answer, and is as follows:

"*The State of Texas, County of Kendall.*—Know all men by these presents: That I, the undersigned, Ed. E. Soell, of the county of Kendall and State of Texas, for and in order to secure the full and punctual payment of a certain promissory note, dated Comfort, Kendall County, Texas, July 31, 1885, drawn by me, the undersigned, Ed. E. Soell, to my own order, and by me endorsed, for the sum of $145, with 10 per cent per annum interest from date until paid, payable one month after date to Robert G. Hadden, or order, have granted, bargained, and sold, and by these presents do grant, bargain, and sell unto Robert G. Hadden, of the county of Ken-

dall, State of Texas, a certain horse [describing it] now in possession of A. Bodemann, Esq., sheriff of Kendall County, Texas.

" To have and to hold said horse above bargained and sold, or intended so to be, unto the said Robert G. Hadden, his executors, administrators, and assigns, forever.

"And I, the undersigned, Ed. E. Soell, for myself, my heirs, executors, and administrators, will warrant and defend the title to the aforesaid horse unto the said Robert G. Hadden, his executors, administrators, and assigns, against all and every person or persons whomsoever: Upon condition, that I, the said Ed. E. Soell aforesaid, shall well and truly pay at maturity the full amount, principal and interest, of the aforesaid promissory note, executed by myself, for the sum of $145, with interest at 10 per cent per annum from date, dated Comfort, Kendall County, Texas, July 31, 1885, payable to said Robert G. Hadden, or order, one month after date; then these presents, and everything herein contained, shall cease and be void, otherwise to remain in full force and effect.

" It is hereby understood and agreed, that the said Robert G. Hadden shall take at once into his possession the said horse from the date hereof until the date when the note herein described and referred to shall become due and payable, at which time, to-wit, the date of payment of said note, if said note with interest and costs be fully paid and extinguished, then the said Robert G. Hadden to turn over said horse to me, the said Ed. E. Soell. But if said note, with interest and cost aforesaid, be not fully paid and extinguished at the maturity thereof, then the title and property to and in said horse to fully vest in the said Robert G. Hadden without the necessity of having recourse to any legal proceedings or process of law or bill of sale to secure to said Robert G. Hadden the full and entire ownership of said horse; it being the intent that should said note be not fully paid and extinguished at the maturity thereof, this instrument and these presents shall be in lieu and stead of a bill of sale to said horse for the said Robert G. Hadden, and shall fully warrant the said Robert G. Hadden selling or otherwise disposing of said horse, or in any way to apply the same to the payment of said note. It is further understood, that pending the payment of the above described note, and during said provisional possession of said horse by the said Robert G. Hadden, should any accident or injury befall said horse without the fault or negligence of the said Robert G. Hadden, then the said Robert G. Hadden shall be held blameless; and for the safe keeping and board of said horse, pending the provisional possession of said horse by said Robert G. Hadden, he (the said Hadden) shall be entitled to and receive just and reasonable compensation, should he so desire.

" In testimony whereof, I, the said Ed. E. Soell, hereunto set my hand and seal this third day of August, A. D. 1885.

"ED. E. SOELL."

Trial was had before a jury April 27, 1887, and resulted in a verdict and judgment for the defendant.

A motion for a new trial was filed, which the court overruled. A statement of facts was made and filed, and the case is before the Supreme Court on writ of error.

The debt was incurred for money borrowed of the defendant to satisfy an execution against the plaintiff, which had been levied on the horse in controversy. Possession of the horse was given with the instrument to the defendant, and the instrument was also registered as a chattel mortgage by the defendant.

Plaintiff testified that the note had been paid by the delivery to the defendant of two mares valued at $25 each, and the use of the horse as a stallion for service to the defendant's mares for the fall season of 1885; that he had paid $300 for the horse, but it was reasonably worth $500; that after the season was over he requested the defendant to send the horse home, but he failed to do so.

Defendant testified, that he demanded the payment of the note several times after its maturity, but that plaintiff always promised and always failed to pay it. That plaintiff was indebted to him in the sum of $50 upon a draft, by a man named Hitson, upon plaintiff, payable to defendant, and which plaintiff had verbally accepted. That plaintiff in liquidation of the Hitson debt, paid him two mares, one with a colt, valued at $25 each, before the maturity of the note. He further testified: "After I became convinced Soell did not intend to pay the note, I took the note and the Hitson draft and went to Comfort and called Mr. Ingenhuett's attention to the fact. I put the note and draft and letter into an envelope and addressed the envolope to Soell and put it in the postoffice, and asked Mr. Ingenhuett (the postmaster) to deliver that letter in person to Soell, who gets his mail at Comfort." This envelope contained the note for $145, cancelled by endorsement on same that it was taken in payment for the horse in question; the Hitson draft receipted by the delivery of two mares and one colt; and a letter from defendant to plaintiff, calling the attention of the latter to the action of defendant in the matter, and advising him that the horse was thereafter to be the property of defendant.

The defendant Hadden was permitted to testify, over the objection of the plaintiff, that at the time the instrument was executed, or immediately thereafter, the defendant "stated that it was a conditional sale, and if the money was not paid at maturity thereof it was a bona fide sale, and that was how it was construed." The admission of this evidence is assigned as error, as is also the charge of the court submitting to the jury the issue whether the instrument was intended by the parties to be a chattel mortgage or a conditional bill of sale, and the refusal of an instruction requested by the plaintiff, as follows:

"That the instrument set out in defendant's answer, marked exhibit A,

and read to you in evidence, is a chattel mortgage, and is only a security for the payment of the note described in such instrument. That defendant R. G. Hadden acquired no right in, by, or under such instrument to appropriate the stallion described in said mortgage as his property, without first proceeding in a court to foreclose his mortgage lien. That defendant does not rely in his pleadings on the mortgage lien, but claims the horse by virtue of such written instrument in evidence as aforesaid, as his property; and you will therefore find for plaintiff, that he have the horse sued for, and in default of the stallion being found, for the value of said stallion in such sum as you may find from the evidence the stallion was reasonably worth at the date of the commencement of this suit, on the 15th day of November, A. D. 1886, together with 8 per cent per annum interest from said date. You will also find for plaintiff actual damages, if such you find to exist as hereinafter charged, in such sum as you may find from the evidence plaintiff has suffered by reason of defendant's failure to deliver the stallion upon plaintiff's demand, and which had accrued prior to bringing this suit, on the 15th day of November, A. D. 1886, if you find such demand was made, or that defendant had prior to the date of the filing this suit refused to deliver the stallion to plaintiff, and was claiming him as his own. Actual damages in this case will be limited to the value of the services of the horse as a stallion, and for the purpose of a stallion, from the time of the demand for and refusal of defendant to deliver the said stallion to plaintiff, or from the time of defendant's refusal to deliver and claim of the stallion as his own, up to the time of the institution of this suit on the 15th day of November, A. D. 1886.''

Under the charge given by the court it was left to the jury to say whether the instrument was by the parties intended to be a chattel mortgage to secure the debt, or a conditional bill of sale, the title to the horse to vest immediately in Hadden on the failure of Soell to pay the note, to determine which the jury were to look to all the evidence in connection with the terms of the instrument itself.

If there is no ambiguity about an instrument, and the intention of the parties may be ascertained from the terms thereof without explanation, it is the duty of the court to construe it for the jury and instruct them as to the rights of the parties thereunder. Parol evidence is not admissible to show the construction placed thereon by the parties themselves, when their intent may be ascertained from the contract as reduced to writing by them. The instrument under which the defendant claims title to the horse in this case is evidently a chattel mortgage. It was executed for the purpose of securing the payment of defendant's note to the plaintiff, and contained a condition of defeasance if the note should be paid at maturity. The stipulation that the title is to become absolute on default of

payment will not change the character of the instrument; and no matter how clearly or strongly expressed, nor how evident the intention of the parties may be that such should be the case, such a provision is held in-- effectual, as oppressive of creditors, and contrary to the policy of the law. The instrument meets all the requirements of a mortgage. The consider- ation for its execution was to secure the note.

A conditional sale passes the title to the property to the vendee, with the reservation or condition that the vendor may repurchase the same at a fixed price and at a specified time. If there is a debt as the consideration for which the instrument is executed, it becomes extinguished by the transaction. The delivery of the possession of the property to the mort- gagee or vendee does not affect the question of the character of the in- strument. It may be a mortgage accompanied by possession of the thing mortgaged. Lucketts v. Townsend, 3 Texas, 119; McCamant v. Rogers, 80 Texas, 316. It clearly appears from the terms of the instrument itself that it was a mortgage, and it was error to leave its construction to the jury.

The instruction requested by the plaintiff and refused by the court was substantially the law of the case, except that the issue of the payment of the note should have been submitted to the jury, and if the jury should have found that it had not been paid, the amount thereof should have been set off against the amount of the plaintiff's recovery. Damages for the use of the horse would run from the time of its conversion to the trial, and its value would ordinarily be what it was at the time of the conversion, but if the evidence should show an increased value at the time of trial, it would be proper to assess value at that time.

It is contended that the plaintiff acquiesced in the action of the defend- ant in treating the horse as his own property, and that he should be estopped. The only acquiescence shown by the evidence was delay in bringing suit for less than a year. It appeared from the plaintiff's testi- mony that the defendant had written him, as he termed it, an insulting letter, which was probably referred to by the defendant when he stated, " I learned he was telling slanders and falsehoods about me and my title to the horse, and I wrote to him about it." The plaintiff was not estopped by his delay in bringing the suit.

It was not necessary that the plaintiff should tender the amount of the debt as a condition to the bringing of the suit. The defendant asserted a claim of absolute ownership in the property, which has been held to dis- pense with the necessity of a tender of the money before suit. Lucketts. v. Townsend, 3 Texas, 119; Watts v. Johnson, 4 Texas, 317. The de- dendant had the right, however, to have the debt, if it had not been paid, set off against any recovery the plaintiff may have been entitled to against him. The doctrine that the legal title vests in the mortgagee after breach

of its condition does not obtain in this State; not even as to personal property. A mortgage both as to real and personal estate is treated as a mere security for the debt. Hudson v. Wilkinson, 45 Texas, 444; Wright v. Henderson, 12 Texas, 43; Duty v. Graham, 12 Texas, 427. So the plaintiff could bring his suit as for a conversion of the property, and his remedy is not in the nature of a suit by bill to redeem.

We conclude that the judgment of the court should be reversed and the cause remanded, and so report.

*Reversed and remanded.*

Adopted June 7, 1892.