## WILL HUGHES v. E. A. SMITH.

### Decided June 4, 1910.

**1.—Chattel Mortgage—Legal Effect.**

A chattel mortgage gives to the mortgagee only a lien on the property as security for his debt; the legal title remains in the mortgagor. This con-

dition continues to exist until the legal title is divested out of the mortgagor by some method provided by the terms of the mortgage, or by judicial foreclosure, or by conveyance by the mortgagor.

## 2.—Same—Sale by Mortgagee.

A sale by the mortgagor of the mortgaged property during the existence of the mortgage vests the vendee with the legal title to the same and confers upon him all the rights of the mortgagor as against the mortgagee in a proceeding to foreclose the mortgage; any attempt thereafter on the part of the mortgagor to convey the property to the mortgagee in satisfaction of the debt, could not affect the rights of such vendee as to the possession, use and enjoyment of said property.

## 3.—Same—Title and Possession—Equity.

In a suit by a mortgagee, claiming under a bill of sale from the mortgagor, against a purchaser of the property from the mortgagor the issues being only the title to and right of possession of the property, there having been no foreclosure of the mortgage lien, but the property having been taken from the possession of the purchaser by writ of sequestration, the purchaser was entitled to recover the property or its value together with damages for deprivation of the use of the same, and he would not be required to tender the amount of the mortgage debt as a condition to the assertion of his title to the property.

## 4.—Same—Foreclosure—Adjustment of Equities.

In a suit by a mortgagee against a purchaser of mortgaged property for foreclosure of the mortgage, under appropriate pleadings the mortgagee would be entitled to recover of the purchaser or to have offset against the purchaser's claim for the value of the property of which he had been deprived by sequestration, so much of the mortgage debt as was secured by the property in controversy, or a proper proportion of the mortgage debt when other property is included in the mortgage. If the debt be more than the value of all the property mortgaged, the purchaser could not recover anything for the value of that portion held by him, but would only be entitled to damages for the unlawful deprivation of its use prior to foreclosure.

## 5.—Sequestration—Measure of Damages.

The value of the hire of a pair of mules by the day is not the proper measure of damage when the deprivation of their use extends over a considerable length of time.

## 6.—Same—Replevy—Sale.

When a mortgagee, being plaintiff in sequestration proceedings, sells the property after having replevied the same, he thereby places it beyond his power to have a foreclosure either by judicial proceeding or a sale under power in the mortgage, and therefore must account to the holder of the legal title for the value of the property and for damages for its use, but under proper pleading he might obtain equitable relief.

## 7.—Chattel Mortgage—Removal of Property.

The removal of mortgaged chattels from the county of the mortgagor's residence in which they were situated when the mortgage was executed, will not affect the rights of the mortgagee though they were kept out of the county more than four months, provided the removal was without the knowledge or consent of the mortgagee; but it would be otherwise, as against an innocent purchaser for value, if the mortgagee permitted the removal.

## 8.—Appeal—Statement of Facts—Motion to Strike Out—Practice.

When, in obedience to a writ of certiorari, the original statement of facts is filed in the appellate court in lieu of a copy in the transcript, a motion to strike out the original statement on the ground that it was filed after the briefs were prepared and the paging, therefore, was not the same, will be overruled when it appears that no inconvenience can result on that account.

Appeal from the County Court of Montgomery County. Tried below before Hon. S. A. McCall.

*Williams & Reid,* for appellant.—As against a purchaser, of whose claim there is notice, a subsequent sale of property under decree of foreclosure against the original mortgagor alone, or a private sale to the holder of the mortgage by the original mortgagor, is ineffectual to pass title. Mills v. Traylor, 30 Texas, 11; Buchanan v. Monroe, 22 Texas, 537; Byler v. Johnson, 45 Texas, 518; Mann v. Falcon, 25 Texas, 276; Hall v. Hall, 11 Texas, 548; Wright v. Wooters, 46 Texas, 382; Schmeltz v. Garey, 49 Texas, 58; Miller v. Rogers, 49 Texas, 413-418; Bradford v. Knowles, 86 Texas, 508; Davis v. Lanier, 94 Texas, 455.

*Llewellyn & Foster,* for appellee.

REESE, ASSOCIATE JUSTICE.—In this case E. A. Smith brought suit in the County Court against Will Hughes to recover title and possession of two mules. A writ of sequestration was sued out, under which the mules were taken by the sheriff, and replevied by the plaintiff. After getting possession of the mules plaintiff sold them for $300. In the petition plaintiff alleged that he was the owner of the mules and that defendant had taken possession of the same, and prayed judgment for the title and possession thereof.

Defendant, by his answer, alleged that he was the owner of the mules, that he had bought them from one Sam McGuire on or about August 29, 1908, paying him therefor $290; that he at once took the mules into his possession and kept them until they were taken by the sheriff under the writ of sequestration, and that they were then in the possession of the plaintiff, who had replevied them. It was alleged that the mules were worth $150 each, and the reasonable value of their use was fifty cents per day each from the date they were taken from him. Defendant prayed for judgment for the mules and their hire, and in the event they could not be delivered to him, for judgment for their value together with damages as aforesaid.

To this answer plaintiff replied by supplemental petition alleging, in substance, that in 1906 and 1907 the said McGuire was indebted to him in a large amount due upon three several promissory notes, the several amounts of which were set out; that to secure payment thereof McGuire executed to him three several mortgages on these two mules, which were at once filed for registration in Walker County, where McGuire lived and where the property was located; that afterwards, default having been made by McGuire in payment of the notes, on September 12, 1908, he executed to plaintiff a bill of sale of said mules in consideration of the cancellation of said mortgages, the consideration being more than the full and fair value of the property. Plaintiff prayed "that said mortgages and the transactions hereinbefore set out be considered and that he have such judgment as is prayed for in his petition, and such other and further orders and judgment and decrees as he may show himself entitled to under the law and the facts of the case."

Defendant replied by supplemental answer, containing exceptions

general and special, which need not be set out, and, in addition to a general denial of the facts set out in the supplemental petition, avers that he had no knowledge of the existence of the mortgages on the mules until long after he had purchased them; that after the existence of the mortgages plaintiff permitted McGuire to remove the mules from Walker County, and that they had been kept and used by him in Limestone, Grimes and Montgomery Counties for more than four months before his said purchase, the mules being at that time in the possession of McGuire in Montgomery County, and that he bought without notice of the mortgages, paying full value in cash. Defendant renews his prayer for judgment for the mules, or their value, and the value of their hire.

Upon the trial it was substantially established by the undisputed evidence that McGuire had executed to plaintiff the notes and mortgages as alleged, the mortgages covering in addition to the two mules some ten head of mules and horses, wagons and other property; that the mortgages had been duly registered in Walker County, where McGuire resided and where the mules then were; that McGuire had removed the property from Walker County and kept and used the same in Grimes and Montgomery Counties for a year or more after the execution of the mortgages, which had not been registered in said counties, but that plaintiff had not permitted such removal and in fact had no knowledge of it until about three weeks before the suit filed by him; that on or about August 29, 1908, McGuire then having the mules in his possession in Montgomery County, sold them to defendant Hughes, who paid him $290 therefor, $209 of which was in cash, and the balance in a debt which McGuire owed Hughes, McGuire executing to defendant a regular bill of sale, and that at the date of such sale defendant had no actual knowledge or notice of plaintiff's mortgage. It was further established that defendant at the time of such sale took possession of said mules, which were delivered to him by McGuire, and held such possession until they were taken from his possession under the writ of sequestration in this case about September 23, 1908. On September 12, 1908, by agreement between McGuire and plaintiff, McGuire sold all of the property covered by the mortgages in question to plaintiff in consideration of the cancellation of the notes, executing to plaintiff a regular bill of sale. The property so sold was not more in value than the amount due on the debt.

Plaintiff demanded the possession of the mules from defendant as his property under the bill of sale, and upon defendant's refusal to give them up, he instituted this suit, sequestered the mules, and replevied them, and immediately sold them for the sum of $150 each. It was proven that this was the actual cash market value of the mules at the time they were taken, and the only evidence as to the value of their use or hire was that of defendant, who testified that such hire was worth fifty cents per day each, since the date the mules were so taken from him.

Each of the mortgages contained a stipulation that in case of default in the payment of the debt the mortgagee is authorized and empowered to take charge of the mortgaged property and sell the same at public outcry for cash at Willis, Texas, which is in Montgomery County,

after giving notice of the time, place and terms of sale in three public places in said county, the proceeds arising from such sale to be applied to the payment of the debt, interest and costs, and the balance to be paid to the mortgagor, or his order. The holder of the debt might become the purchaser at such sale, he being the highest bidder.

Upon this evidence the trial court instructed the jury to return a verdict for plaintiff for the title to and possession of the property. A verdict was returned accordingly, upon which judgment was rendered in favor of plaintiff for the title and possession of the two mules. From the judgment defendant prosecutes this appeal.

The question of the correctness of the charge given and the judgment rendered thereon under the pleadings and evidence is presented by appropriate assignments of error. The statement of the pleadings and evidence sufficiently shows the issue thus presented, and we will only state what we consider to be the general principles of law governing the rights of the parties.

Appellee's mortgages gave him only a lien on the property as security for his debt. McGuire had the legal title. (Soell v. Hadden, 85 Texas, 188.) This condition existed until, either under the terms of the contract or by judicial foreclosure, this legal title was divested out of the mortgagor. This could also have been done by conveyance by the mortgagor to the mortgagee of this legal title in satisfaction of the debt, or other consideration, provided that at the time of such conveyance the mortgagor still had such legal title. When McGuire sold and conveyed the mules to appellant he conveyed to him whatever right or title he then had. Appellant succeeded to McGuire's rights in the mules and such right was not affected by the subsequent sale of the mules by McGuire to appellee. Appellant had the legal title and was entitled to the possession of the mules until such right was foreclosed either by judicial foreclosure or by sale under and in accordance with the terms of the mortgage. If upon default on the part of McGuire, appellee had demanded possession of the mules in order that he might proceed to make a sale thereof as stipulated in the mortgage, he would have had a right to such possession and might have recovered such possession, but the possession only. This he did not seek to do, but instead, relying, not upon his right to possession under the mortgage in order that he might pursue his remedy by sale under the contract, but upon his title under the bill of sale, claimed, not the right of possession merely, but the title and right of property, and throughout this proceeding has claimed title, which was adjudged to him by the court. In such case appellant was not required to tender the amount of the mortgage debt, as a condition to the assertion of his title to the mules. The title to the mules, conveyed to appellant by McGuire, has never been divested out of him, nor has his right to the possession, and he is entitled to recover the value of the mules, together with damages for their unlawful detention from the date they were so taken from him. Under appropriate pleadings, however, appellee is entitled to recover of appellant, or to have offset against his claim for the value of the mules and damages, so much or such proportion of the mortgage debt as was secured by these two mules. It appears that the debt was more than the value of the entire property mortgaged,

and it further appears to be undisputed that the fair market value of these two mules was $300. If these facts appear upon another trial, appellant's claim for the value of the mules would be fairly offset by the amount of appellee's debt secured thereby, and he would only be entitled to judgment for his damages for the unlawful detention of the mules from the date they were taken from him up to the date of such trial to be had. The evidence as to such damages is not sufficient to authorize us to render judgment here. The value of their hire per day is not the proper measure when the detention extends over such a length of time. (Railey v. Hopkins, 50 Texas Civ. App., 600, 110 S. W., 779.) The case of Soell v. Hadden (85 Texas, 182), is so nearly on all fours with the present case that we refer to it as stating the rule governing the rights of the parties.

It is true that appellee set out his mortgages and alleged that they were valid and subsisting, and prayed that they be taken into consideration and that he have such judgment as the facts showed him to be entitled to, but the whole record shows that he only set out the mortgages as showing the consideration for the bill of sale executed to him by McGuire, which he claimed and the court recognized as the foundation of his right. He has placed it beyond his power by his sale of the mules to have a foreclosure either by judicial procedure or a sale under the power in the mortgages, and must pay appellant the value of the mules and damages for their unlawful detention. He has the right, however, under proper pleadings, to have the cancellation of the mortgages set aside, *pro tanto,* and to offset, *pro tanto,* his mortgage debt against appellant's claim as indicated.

The removal of the mules from Walker County for more than four months after the execution and registration of the mortgage in that county did not affect appellee's right if in fact such removal was without his knowledge and consent. (Spikes v. Brown, 49 S. W., 725.) If, upon another trial, it should appear that he permitted such removal, then the lien of the mortgages was gone in so far as it affected appellant's rights, and he could not be required to pay any portion of the mortgage debt.

Appellant at first had incorporated in the record a copy of the statement of facts, but upon a motion filed to strike it out, applied for writ of certiorari to the clerk to send up the original statement, which was granted and the motion to strike out the copy in the record was sustained. In obedience to the certiorari the original statement has been set up, and appellee has filed a motion to strike it out, for the reason that it was filed after the briefs were prepared referring to the pages of the transcript containing the transcribed statement. It is agreed, however, that the transcribed statement is a true and correct copy, so no inconvenience can result on that account. The motion is overruled. (Wallace & Reed v. Reed Bros., 102 Texas, 314.)

For the error indicated the judgment is reversed and the cause remanded for a new trial in accordance with this opinion.

*Reversed and remanded.*