## KAHN v. J. W. CARTER MUSIC CO.
### (No. 333.)

(Court of Civil Appeals of Texas. Beaumont. March 7, 1918.)

SEQUESTRATION ⬅➡1—CHATTEL MORTGAGES—FORECLOSURE—NECESSITY.

Where a purchaser of a musical instrument gave a chattel mortgage for the unpaid balance of the price, the seller cannot sequester the property, but to obtain possession in event of nonpayment must foreclose the lien of the mortgage.

Appeal from Harris County Court; W. E. Monteith, Judge.

Suit by the J. W. Carter Music Company against H. E. Kahn, begun in justice court, and appealed by defendant to county court. From a judgment of the county court for plaintiff, defendant appeals. Reversed and remanded.

Meek & Kahn, of Houston, for appellant. Andrews, Streetman, Burns & Logue, of Houston, for appellee.

BROOKE, J. The J. W. Carter Music Company was the owner of a victrola and sold the same to Mrs. L. E. Allen, who was formerly Miss Alice Bond, reserving a chattel mortgage lien upon said instrument. Mrs. Allen afterward sold said instrument to H. E. Kahn, who at the time of the purchase had knowledge of the fact that there was $30 balance due upon said instrument. Kahn not only had this knowledge by inspection of the mortgage records, but he also had personal knowledge from the president of the J. W. Carter Music Company, who informed him of the balance due. On the 16th day of October, 1915, the Carter Music Company filed this suit against the appellant and Mrs. L. E. Allen for the title and possession of said victrola and prayed judgment for the title and possession of same. On the day of filing the suit the Carter Music Company sued out a writ of sequestration, wherein they alleged that they were the owners of the victrola and entitled to the possession thereof. The appellant, H. E. Kahn, replevied said property. A trial was had in the justice court on the 18th day of January, 1916, in which the court rendered a judgment in favor of the Carter Music Company, the court finding that the said company was the owner of said property, and entitled to the possession thereof. Upon appeal to the county court the same judgment was had. Notice of appeal was given, and in due time the appeal was perfected.

The first assignment of error is that the court erred in holding as a matter of law that the instrument executed by Alice Bond was not a chattel mortgage, and the judgment of the court was erroneous in awarding the plaintiff the title to and possession of the property in controversy, and the court also further erred in not declaring said instrument to be a chattel mortgage, and compelling plaintiff to foreclose its lien, the proof having shown that there was a balance due of $30, and the testimony of defendant being that he was ready and willing to pay said amount. This assignment must be sustained. There seems to be no controversy about the amount due, and the only controversy in the case is as to whether or not the instrument itself was a chattel mortgage. Without setting out the instrument in hæc verba, we are of opinion that the same was security for the unpaid purchase money on the victrola aforesaid, and that the lien thereon should have been foreclosed by the court until the balance of the purchase money was paid.

The second assignment complains that the court erred in rendering judgment for the title and possession of the property in controversy, because the undisputed proof in this cause showed that the only claim that plaintiff had against said property was a chattel mortgage lien for a balance due of $30, and plaintiff had never foreclosed a chattel mortgage thereon in any court of competent jurisdiction, and that the instrument relied on by plaintiff being a chattel mortgage in terms, as well as according to the understanding of the parties, the court was in error in awarding judgment for the title and possession of said property in controversy, instead of requiring plaintiff to establish what indebtedness was due him, and in failing to grant a foreclosure of the lien retained to secure the payment thereof. This assignment must also be sustained. Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142.

For the errors complained of, the cause is reversed and remanded for a new trial, in accordance with this opinion.