**SELF MOTOR CO. v. FIRST STATE BANK OF CROWELL et al. (No. 1706.)**

(Court of Civil Appeals of Texas. Amarillo. Nov. 10, 1920. Rehearing Denied Dec. 15; 1920.)

1. **Chattel mortgages &#x22F4;84—Unregistered mortgage valid between parties.**

Under Rev. St. 1911, art. 5655, a chattel mortgage not filed for registration is void only as to the, creditors of the person making it, and as against purchasers or mortgagees, or lien-holders in good faith, but is valid between the parties.

2. **Chattel mortgages &#x22F4;197(1)—One signing as surety liable on unregistered chattel mortgage.**

One who signed a note and chattel mortgage as a surety is not a creditor as to whom the mortgage is void because not registered.

3. **Chattel mortgages &#x22F4;159—Assignee entitled to seize property though mortgage was not registered.**

The assignee of an unregistered chattel mortgage which was valid as between the parties may, under Rev. St. 1911, art. 5660, follow and seize the property where it was removed by the mortgagor without the consent of the mortgagee.

4. **Principal and surety &#x22F4;115(2)—Failure of mortgagee to record chattel mortgage not proximate cause of removal.**

Where a chattel mortgage was binding between the parties and the mortgagee or assignee might have seized the property, which was removed by the mortgagor without consent, the fact that the instrument was not registered was not the proximate cause of the removal, and so would not discharge a surety on such mortgage.

5. **Principal and surety &#x22F4;126(3)—Creditor not negligent because he did not exercise summary power to seize mortgaged chattels, when not requested in writing to do so.**

Although a chattel mortgage gave the mortgagee power to take possession upon removal of the property, and such right was also given by statute, yet, where a surety who signed the mortgage did not in writing, pursuant to Rev. St. 1911, art. 6329, request that such summary power be exercised, the mortgagee was not guilty of negligence discharging the surety because it failed to exercise such summary power on the surety's oral inquiry concerning the matter the day the mortgagee left; the debt secured by the mortgage not yet being due.

6. **Principal and surety &#x22F4;126(3)—Creditor's failure to act does not discharge surety unless request was made in writing.**

Under Rev. St. 1911, art. 6329, a surety on a chattel mortgage is not discharged because the mortgagee failed to exercise its right to take possession of the property, where there was no request for such action in writing.

7. **Principal and surety &#x22F4;39—Surety not released because he did not read instrument.**

One who signs a chattel mortgage without reading it is not released from his liability because of his negligence.

8. **Principal and surety &#x22F4;125—Creditor owes no duty of active vigilance to surety.**

The general rule is that a creditor owes no duty of active vigilance to the surety to enforce the collection of the indebtedness arising from the obligation, as the latter, at any time after default of the principal, is entitled to pay the debt and reimburse himself by enforcing it against the principal and his cosureties.

9. **Principal and surety &#x22F4;126(1)—Surety not discharged because creditor did not take possession of mortgaged chattels.**

Where an unregistered chattel mortgage and note were assigned to a bank, and the mortgagor thereafter removed the property, a surety on the note and mortgage was not discharged on the theory of negligence because the surety, on learning that the mortgagor was leaving, made inquiries of the mortgagee, and was told that the mortgage could not be found, where he did not demand that the mortgagee take possession or offer to pay the debt, so that he could take possession, for, had he done so, he would doubtless have been advised of the assignment and could have protected himself.

10. **Bills and notes &#x22F4;245—Indorser only secondarily liable.**

Where the comaker of a note secured by chattel mortgage was not discharged as a surety he is, as to the mortgagee who had assigned the mortgage and indorsed the note which it secured, the principal debtor, and the payee and indorser of the note was only secondarily liable.

11. **Partnership &#x22F4;220(1)—Execution may issue against firm property.**

Under Rev. St. 1911, art. 2006, providing that in suits against several partners where citation has not been served on all judgment may be rendered against the partnership property and the partners actually served, execution may issue against the partnership property where the petition showed that the debt was the obligation of the partnership as such, and it was sued, the individual partners being named, and neither those served nor those not served can complain of such execution.

Appeal from District Court, Foard County; J. A. Nabers, Judge.

Action by the First State Bank of Crowell against the Self Motor Company, a firm, and R. L. Kincaid. From a judgment for plaintiff, and a judgment over in favor of the individual defendant against the firm, the firm appeals. Reformed, and as reformed affirmed.

M. M. Hankins and Marshall & Perkins, all of Quanah, for appellant.

G. W. Walthall, of Crowell, for appellee First State Bank of Crowell.

&#x22F4;For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Robt. Cole, of Crowell, for appellee Kincaid.

HUFF, C. J. The appellee bank sued the appellant, Self Motor Company, a partnership composed of J. H., J. C., R. W., and J. D. Self, and R. L. Kincaid, on a promissory note for $609, with interest and attorney's fees, executed by R. L. Kincaid and S. H. Williams, payable to the Self Motor Company or order, dated August 8, 1919, due on or before October 8, 1919, which was indorsed before maturity by the Self Motor Company to appellee bank.

It is alleged in the petition that Kincaid and Williams executed a chattel mortgage to secure payment of the note on a certain motortruck, but that Williams had absconded with the truck and was then a fugitive from justice and insolvent; that his residence was unknown. Williams therefore was not made a party defendant or a foreclosure of the mortgage sought. Kincaid by his answer alleged that the note sued on was given in part payment of the truck described in the mortgage and sold by appellant to said Williams. He denied that he bought the truck or was in any way interested in its purchase, but alleged that he signed the note solely as surety for Williams, with the express agreement that appellant would retain a chattel mortgage on the truck for his protection, and that appellant represented to him at the time he signed the note that it had taken a mortgage on the truck, and that, "if he signed any mortgage on said truck, as alleged by plaintiff, his signature was procured without his knowledge or consent by the fraud of Self Motor Company and with full knowledge on the part of Self Motor Company that this defendant had not purchased said truck from them and that they had sold said truck to S. H. Williams alone." He further alleged that Williams had absconded from the county and had taken the truck with him; that appellant transferred the note and mortgage to the bank and paid the bank 25 cents to have the mortgage filed for record, and that the bank failed to file the mortgage for record until the 27th day of August, 1919, long after Williams had left with the truck and gotten beyond the reach of the court of Foard county; "that both the plaintiff and defendant Self Motor Company were guilty of negligence in withholding said mortgage from registration, and thereby rendered the sole consideration for which this defendant signed said note worthless and of no effect; that if said mortgage had been promptly filed, as required by law, and as said Self Motor Company in effect agreed they would, this defendant could have and would have apprehended said S. H. Williams and recovered possession of the said truck and subjected it to the payment of said note in case Self Motor Company refused so to do;" that he learned on the same day that Williams absconded that he was leaving, and he then went to appellants and inquired for the mortgage, and that appellants could not find it; that it was not then filed for record. "This defendant concluded that no mortgage had been retained on said truck and gave up his efforts." He prayed that plaintiff take nothing against him and in the alternative that he have judgment against appellant for any sum that he might be compelled to pay.

The motor company answered by general denial, and alleged that the note was given by Kincaid and Williams as a part of the purchase price of the truck which was in fact sold to them jointly, and that the mortgage was executed jointly, and that Kincaid was in fact a principal, and not a surety.

Upon trial the note and mortgage were introduced in evidence, which were both executed and signed by Kincaid and Williams, the mortgage showing to have been recorded August 27, 1919. It is provided in the mortgage that, if attempt is made to remove the property from the county without the written consent of the mortgagee, it should be lawful for the mortgagee or its assigns to take possession of the property, whether in the county or state, and to sell, etc., to pay the note. Kincaid testified that Williams absconded and left the county, taking the mortgaged truck with him, about two weeks after the execution of the note and mortgage. He further testified that he was not interested in the purchase of the truck in any way; that he signed the note solely as surety for Williams and upon the express agreement with appellant that it would take a mortgage on the truck. He did not know why or how he happened to sign the mortgage, testifying, "I just signed whatever they said sign." He further testified that on the day Williams left he learned that he was leaving and was taking the truck with him, and that he then went to appellant and asked where the mortgage was, and they could not find it, and that he went to the clerk's office, and that it was not recorded, and "I told them I was satisfied they hadn't taken any mortgage; they told me they knew they had taken a mortgage," and that he then saw his lawyer and "didn't worry any more about it."

The jury found that Kincaid did not know that he was signing the mortgage when he signed it; that the truck was sold to Williams alone, and that Kincaid executed the note as surety; that the Self Motor Company was negligent in the matter of recording the mortgage or in the matter of enforcing their rights under the same, so as to get the truck back when Williams had gone off with it; that but for such negligence the truck could have been recovered. The trial court rendered judgment in favor of the plaintiff for the amount due upon the note sued upon against the defendant Kincaid and the appellant herein, and also in favor of the defendant Kincaid over against the appellant, a

partnership, giving the names of the individual partners, for any amount that he might pay plaintiff on the judgment against him.

The first, second, and third assignments are presented together, under which it is asserted by proposition:

"A surety who executes a promissory note, with the agreement that the payee will take from the principal maker of the note a chattel mortgage as security, is not released from his liability as such surety by reason of the payee's failure to file such mortgage for record, unless such security is lost by reason of the failure of the payee to so file the mortgage. And such surety is not released from his liability as such where the security given by the mortgagee is lost by reason of the principal maker of the note, without permission of the payee, absconding from the country and taking the property with him so that it cannot be found."

The assignments are also urged as propositions, which in effect assert: (1) That there is no evidence that Williams removed himself and the truck out of the jurisdiction of the court because the mortgage was not filed, and that it could have been recovered after he did abscond if it had been filed; (2) there was no issue by the pleadings that the motor company was negligent in the matter of not recovering the truck after it had been removed; (3) the verdict of the jury finding negligence is not supported by the evidence, setting out wherein the evidence is insufficient.

The record indisputably shows that the Self Motor Company required Williams to execute a chattel mortgage on the truck to secure the note, as it contracted with Kincaid it would do.

[1, 2] The fact that the chattel mortgage was not filed for registration, as between the parties, the mortgagor and mortgagee, did not render it nonenforceable or invalid. It was only void as to creditors of the person making it and as against subsequent purchasers or mortgagees, or lienholders in good faith. Article 5655, R. C. S.; Keller v. Smalley, 63 Tex. at page 519; Tips v. Gay, 146 S. W. 306; Stewart v. Miller, 144 S. W. 343; Ranck v. Howard, 3 Tex. Civ. App. 507, 22 S. W. 773; Parker v. American Exchange Bank, 27 S. W. 1071; Phelps, etc., v. Parker, 30 S. W. 365; Eason v. Garrison, 36 Tex. Civ. App. 574, 82 S. W. 800. At the time of the execution of the mortgage and before it was filed for registration, Kincaid was not such a creditor, in our opinion, as would render the mortgage void as to him because not registered. Alsbury v. Alsbury, 211 S. W. 650.

[3] The mortgage being valid and binding when the property was removed without the consent of the mortgagee, the assignee of the mortgage, though not then registered, and who was the owner and holder of the note, could have followed and seized the property and would have had the same right and power as if it had been recorded. Article 5660, R. C. S.; Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142; Spikes v. Brown, 49 S. W. 725.

[4] If the motor company was negligent in failing to register the mortgage, the lien was not lost thereby, as no intervening right had been acquired by any one, as is shown by this record. The lien still existed and was enforceable, regardless of the negligence in failing to register it. Such failure could not have been the proximate cause of the fraudulent removal of the property from the county and of Williams absconding with it. There was no evidence which would warrant a court or jury in so finding. Such negligence was not and could not, in the nature of things, have been the proximate cause of the injury. Neville v. Miller, 171 S. W. at page 1113; Ater v. Knight, 218 S. W. at page 651.

[5, 6] At the time Kincaid notified appellant that Williams was leaving the county with the truck the bank was the owner and holder of the note. There was no request of appellant, either verbal or in writing, to take steps to secure the truck or to bring the suit. "Any person bound as surety upon any contract for the payment of money or the performance of any act, when the right of actions has accrued, may require, by notice in writing, the creditor or obligee forthwith to institute suit upon such contract." Article 6329. If the right of action on the note had not accrued, suit could not then have been demanded. It is true the mortgage gave the power to take possession upon removal of the property. This was also a statutory right without the contractual power. Kincaid did not require that this summary power be exercised. The motor company was not negligent in refusing to resort to a harsh and summary remedy. Robertson v. Angle, 76 S. W. 317. If it had been a request, unless it had been in writing, it would not discharge the surety. Naylor v. Anderson, 178 S. W. 620.

[7-9] It is apparently urged by Kincaid that he did not think there was any mortgage, because it could not be found on that day and had not then been recorded. The motor company told him then it had been taken and that it was in existence. He had signed it at the time he signed the note, and does not deny signing the mortgage, but simply says he did not know what he was signing. He could not ordinarily defeat the mortgage under such circumstances. He would not be excused from reading an instrument on the ground of his own negligence. Williams v. Rand, 9 Tex. Civ. App. 631, 30 S. W. 509; Clack v. Wood, 14 Tex. Civ. App. 400, 37 S. W. 188. It hardly can be said that Kincaid did not have sufficient notice of the mortgage to require of him diligence to preserve the property described therein as security for the debt.

"The general rule is that a creditor owes no duty of active vigilance to the surety to en-

force the collection of the indebtedness arising from the obligation, as the latter at any time after default of the principal is entitled to pay the debt and reimburse himself by enforcing it against the principal and his cosureties." R. C. L. vol. 21, Principal and Surety, par. 162, p. 1124; Nunn v. Smith, 194 S. W. 406; Dillard v. Chandler, 157 S. W. 303; Bank v. Gilvin, 152 S. W. at page 656 (8–11); Hunter v. Clark, 28 Tex. 159.

It was the right of Kincaid to then pay the debt which would have subrogated him to the rights under the mortgage. The property was not in possession of the mortgagee, but was left with the mortgagor. The instrument gave the power or right to take possession of the property if removed without the consent of the mortgagee and to sell and apply the proceeds to the debt. The statute conferred substantially the same right. Williams moved the property wrongfully and without the consent of appellant or the bank. This violation of the mortgage and of the law was not induced by a failure to register, and its nonregistration made the act none the less a violation of the terms of the instrument and of the law. It was not, therefore, through the neglect to register that the truck was removed from the county. It may be upon removal the right then accrued to take possession and sell the property. Kincaid did not demand that appellant do so; he only notified it that the property was then being removed. Under the statute he may have had the right in writing to demand that proceedings be instituted, but this he did not do. In order to excuse himself of negligence in the matter, he should have followed the direction of the statute. We think all that may be said of appellant at the time is that it indulged the parties. It did not have possession of the truck, and it would have required an active and aggressive action to seize the property, either by writ or by personally taking possession. The mere failure to do so did not constitute such negligence on its part as to relieve the surety. The property, as a security, if lost, was so by the wrongful act of Williams and without being procured by appellant. Murrell v. Scott, 51 Tex. at page 527; Brandt on Suretyship, vol. 1, pars. 506, 507. Kincaid knew there was a mortgage; he signed it; he was told it was in existence. If he thought action necessary, he should have made a written demand, or he could have paid the debt, and thereby have been subrogated to all the rights of the mortgagee, but this he did not do, or offer to do. The mere failure to seize the property under the powers of the mortgage was not such negligence as will relieve the surety. Dillard v. Chandler, supra. The appellant was not the owner and holder of the note and mortgage when the truck was removed, but it was with the bank. Appellant could not then have sued or have taken possession of the property. The only charge-

able neglect that we can see on appellant's part was in its failure to notify Kincaid that the bank held the note, and this failure is not pleaded as relieving the surety, and, had it been so pleaded, we do not now hold it would release the surety, and do not determine the question at this time, as it is not necessary to a proper disposition of this case. A demand made under the statute for a suit or an offer to pay the debt doubtless would have brought to Kincaid's knowledge the transfer of the note. It is evident, we think, that upon discovery that the mortgage was not registered Kincaid rested his discharge on that fact alone, and did not take steps to capture the truck or require the appellant to do so.

[10] If Kincaid is not released as to the motor company, who is the original payee in the note, he was, as to it, the principal obligor. The motor company was only liable as an indorser of the note, and that liability is secondary to that of the original maker of the note. It, by indorsing the note, impliedly guaranteed they would pay it. Wilson v. Thompson, 202 S. W. 341.

[11] In regard to the fifth assignment it is urged by appellant the judgment is invalid as it is rendered against a partnership, and not against the individuals composing the partnership. Article 2006, R. C. S., provides, in suits against several partners jointly indebted upon contract, where the citation has been served upon some of such partners, but not upon all, judgment may be rendered therein against such partnership and against the partners actually served, but no personal judgment or execution shall be awarded against those not served. Partnership property may be subjected to the payment of its debts by service upon one member. Where the petition, as in this case, shows the debt is the obligation of the partnership, as such, and sues the partnership, naming the individual members, the judgment may, as we conceive it, award an execution against the joint property of the firm. That it is not against the members served is a matter of which the other members ordinarily have no right to complain. Certainly not the one served. Alexander v. Stern, 41 Tex. 193; Sanger Bros. v. Overmier, etc., 64 Tex. 57.

We see no reason why this case should be reversed and remanded for trial on the cross-petition of Kincaid, under the pleadings and the undisputed facts. It will therefore be the order of this court that judgment of the trial court be reformed, and as reformed affirmed; that is, that the bank have judgment against Kincaid and appellant for the amount sued for, and that execution issue first against the property of Kincaid, and that the motor company have judgment over against Kincaid for any sum paid by it, for which it may have execution.