## SUSSDORF et al. v. LEE et al.    (No. 7183.)

### Court of Civil Appeals of Texas. Austin.
### Jan. 25, 1928.

1. Chattel mortgages ⬥⬥6—Conditional sale agreement, reserving title to property in seller until notes were paid, was "chattel mortgage" (Rev. St. 1925, art. 5489).

Written conditional sale agreement of restaurant business and fixtures, reserving title to property in seller until notes were paid, amounted to "chattel mortgage" on chattels sold, under Rev. St. 1925, art. 5489.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Chattel Mortgage.]

2. Chattel mortgages ⬥⬥240—Language of chattel mortgage showed agreement that if mortgagee repossessed property contract should be terminated.

Language of provision of conditional sale agreement covering restaurant business and fixtures amounting to chattel mortgage, under Rev. St. 1925, art. 5489, relating to seller's repossessing herself of property, *held* to show that seller or mortgagee agreed that, if she should exercise right to repossess herself of property sold and mortgaged, money paid on contract would be retained as rent for restaurant and fixtures, and contract should be declared at an end.

3. Sales ⬥⬥141, 149—Oral agreement to vacate premises merged in and was consideration for later bill of sale canceling rents in consideration of equity in fixtures and vacating premises.

Oral agreement with owner of premises to vacate building in consideration of cancellation of rents due became merged in later written bill of sale conveying equity in furniture, fixtures, and equipment used in restaurant business to owner of premises for recited consideration of cancellation of rents owing on building, and further consideration of agreement to immediately surrender possession, which was done, so that there was consideration for bill of sale.

4. Chattel mortgages ⬥⬥240—Where mortgagee retained possession of restaurant, fixtures, and equipment, under mortgage providing contract should be terminated on repossession, mortgagee could not collect notes for property.

Where mortgagee agreed that if she exercised right given to repossess herself of restaurant business and fixtures sold and mortgaged, money paid on contract would be retained as rent and contract should be declared at an end, and after mortgagors defaulted in payments mortgagee commenced suit on notes, and while suit was pending mortgagee, acting in conjunction with owner of building, induced

mortgagors to execute to owner bill of sale conveying their equity in furniture, fixtures, and equipment, and owner by indorsement on bill of sale transferred interest to mortgagee for nominal consideration, and mortgagee took possession, she could not recover on notes given as part payment for restaurant business and fixtures.

Error from District Court, Travis County; Geo. Calhoun, Judge.

Suit by L. M. Lee and another against Oscar Sussdorf and others. Judgment for plaintiffs, and defendants bring error. Reversed and rendered.

Cofer & Cofer, of Austin, for plaintiffs in error.

BLAIR, J. The parties will be designated appellants and appellees.

[1] By written contract, dated April 1, 1925, appellee Mrs. L. M. Lee, joined pro forma by her husband, sold as belonging to her separate estate a restaurant business in Austin, together with all furniture, fixtures, equipment, etc., to appellants Oscar and Arno Sussdorf, for the recited consideration of $3,500, of which $1,500 was paid in cash to Mrs. Lee, and for the balance appellants executed to her their two notes for $1,000 each, bearing 8 per cent. interest and payable $100 monthly, beginning May 1, 1925. The written conditional sale agreement reserved title to the property in Mrs. Lee until the notes were paid, which under provision of article 5489, R. S. 1925, amounts to a chattel mortgage on the chattels sold. The sale agreement also provided that appellants would execute to Mrs. Lee as additional security for the notes a deed of trust on 10 acres of land in Atascosa county, which they did. The appellants defaulted in the payment of the monthly installments due under the contract from the beginning, and on December 24, 1925, Mrs. Lee, joined pro forma by her husband, filed this suit on the two notes and to foreclose the deed of trust lien given to secure them, but did not refer to or seek a foreclosure of the chattel mortgage lien on the chattels sold. While this suit was pending, on January 15, 1927, Mrs. Lee, acting in conjunction with T. B. Banks, the owner of the building in which the restaurant business was being conducted, induced the appellants to execute to Banks and his wife a bill of sale conveying their "equity" in the said furniture, fixtures, equipment, etc., for the recited consideration of the cancellation of the rents owing by appellants on the building, amounting to the sum of $477.50, and the further consideration of appellants agreeing to immediately surrender possession, which they did on the date the bill of sale was executed. On the same day, January 15, 1927, the Bankses, by written indorsement on the bill of sale, trans-

―――
⬥⬥For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

ferred their interest in the property thereby conveyed to Mrs. Lee for a nominal consideration of $10. Five days later, January 20, 1927, Mrs. Lee took possession of the building and property, reopened the restaurant, and has continued in possession since that time. Thereafter, on February 7, 1927, Mrs. Lee proceeded to and did prosecute this suit as originally filed. Appellants defended the suit as follows:

(1) That since Mrs. Lee secured and assumed possession of the mortgaged property under her purchase of mortgagor's equity therein, and also under provision of her mortgage, it must be presumed in law that such transfer and possession were made and taken in satisfaction and settlement of the mortgage debt in suit.

(2) Or if the transfer and possession of the mortgaged property were not in full satisfaction and settlement, and since Mrs. Lee had not foreclosed or sought a foreclosure of her mortgage lien, she must account to mortgagors for the value of the mortgaged property so taken and converted by her as an offset or payment in full of the mortgage debt according to the facts.

(3) That the bill of sale to Banks and wife was void for want of a consideration.

At the conclusion of the evidence above detailed and which was undisputed, the trial court instructed a verdict and rendered judgment thereon for appellee for the full amount of the notes sued on, together with interest and attorney's fees, and for a foreclosure of the deed of trust lien; from which judgment appellants have appealed, contending here, among other things, that their three defenses above stated should have been sustained as a matter of law.

As to appellants' first two defenses to the notes, the authorities are in sharp conflict; that is, there are authorities which hold that a purchase by and a transfer of mortgaged property to mortgagee by an agreement immediately or mediately from the mortgagor will be presumed in law as having been made in full satisfaction or extinguishment of the mortgage debt; while on the other hand, there are authorities which hold that a mortgagee who so purchases the mortgaged property is only required to account to mortgagor for the reasonable value of the mortgaged property as an offset to or in full settlement of the mortgage debt, as the facts may appear. 11 C. J. 685, 686, § 464, notes 17–19. In the case of Hughes v. Smith, 61 Tex. Civ. App. 443, 129 S. W. 1142, the only Texas case deciding the question, the latter view was adopted. That is, it was held a purchase by and transfer of mortgaged property to mortgagee from mortgagor only operates to extinguish the mortgage debt when that is the intention of the parties.

[2] But the evidence is undisputed that appellants did not know Mrs. Lee acted in conjunction with Banks in securing the bill of sale conveying their "equity" in the mortgaged property, and, of course, it follows from that fact there was no agreement that the transfer should operate to extinguish the debt in suit. However, appellee introduced in evidence, and relied thereon as authority to take possession of the mortgaged property, the following provision of the chattel mortgage, which in itself expresses the intention and agreement of the parties in the premises:

"In case of the failure of the said parties of the second part to pay the installments on the above-mentioned notes as the same become due and payable, or any installment of interest on said notes as the same becomes due and payable, or upon the failure of the said parties of the second part to faithfully comply with all the terms and stipulations herein contained, the said L. M. Lee, at her option, may repossess herself of said restaurant and fixtures, and in such event the said parties of the second part agree and obligate themselves to deliver the possession thereof to the said L. M. Lee, in peaceable manner, without the necessity of an action of forcible entry and detainer at law, and in such event any sums of money paid on this contract or on any of the above mentioned and described notes shall be retained by the said L. M. Lee as rent of the above-mentioned restaurant and fixtures, and in such event this contract shall be declared at an end and no longer binding on the said parties of the first part."

So it is clear from the above language that appellee agreed and contracted that, if she should exercise the right given to repossess herself of the property sold and mortgaged, the money paid on the contract would be retained as rent for the restaurant and fixtures, and "this contract shall be declared at an end."

[3] We do not sustain appellants' contention that the bill of sale was void for want of a consideration to support it. This contention is based upon the testimony of Oscar Sussdorf that he accepted Banks' proposition to vacate the building in consideration of cancellation of all rents due two or three days before the bill of sale was executed. The undisputed evidence is that he did not vacate the building until after he had signed and delivered the bill of sale, which was after the oral agreement to vacate had been made, and whatever that agreement was it became merged into the later written agreement which of itself purports a consideration.

[4] It follows from our above holding that the judgment of the trial court is reversed and judgment is here rendered for appellants, so that appellees take nothing by this suit against them.

Reversed and rendered.