GENERAL INSURANCE CORPORATION V. J. R. HUGHES ET AL.

No. A-3733. Decided January 21, 1953.
Rehearing overruled March 11, 1953.
(255 S. W. 2d Series, 193)

160

*Joe J. Newman,* of Groveton, *Cantey, Hanger, Johnson, Scarborough & Gooch* and *Charles L. Stephens,* all of Fort Worth, for petitioner.

The Court of Civil Appeals erred in failing to hold as a matter of law, that the act of the insured in giving the insurance corporation a sworn statement which said that the insured had bought and was the owner of the trailer in question at the time of the accident in which it was involved operated to relieve insurance company of any liability under its policy because if the statement was true the coverage was expressly excluded under the policy, or if false it constituted a breach of the cooperation clause in the policy and voided the policy. Maryland Casualty Co. v. Cross, 112 Fed. 2d 58; U. S. Fid. & Guar. Co. v. Baldwin Motor Co., 34 S.W. 2d 815; Universal Auto. Ins. Co. v. Culberson, 126 Texas 282, 86 S.W. 2d 727 and 87 S.W. 2d 475.

*Favor & Barnes,* and *Clyde E. Barnes,* all of Jasper. for respondents.

On the proposition that the trailer did not belong to the plaintiff cited; Ormsby v. Ratcliffe, 117 Texas 242, 1 S. W. 2d 1084.

MR. JUSTICE SMITH delivered the opinion of the Court.

This is a suit for recovery of damages under a contract of public liability insurance issued by petitioner to respondent, Charles P. Hughes. It was instituted by J. R. Hughes to recover the amount of a judgment he held against petitioner's assured as a result of an automobile collision. Respondent, Charles P. Hughes, intervened in the trial court, seeking to recover attorney's fees and court costs incurred in connection with the prior damage suit. Petitioner's defense in the trial court was that its assured's truck-trailer unit involved in said collision was not covered under the policy.

The case was submitted to a jury upon special issues after the trial court had overruled petitioner's motion for instructed verdict. The jury returned its verdict which was favorable to the respondents, and, thereupon, after the court had overruled the motion for judgment non obstante veredicto filed by petitioner, judgment was entered in favor of respondents. The Court of Civil Appeals for the First Supreme Judicial District of Texas has affirmed the judgment. 249 S.W. 2d 231. This court has granted a writ of error.

Petitioner contends that the undisputed evidence shows, as a matter of law, that the assured, respondent Charles P. Hughes,

was the owner of the Nabors trailer in question, and consequently assured's truck-trailer unit involved in the collision was not covered under the policy. Exclusion (c) of the policy under consideration states: "This policy does not apply under Coverage A and B (bodily injury and property damage liability), while the automobile is used for the towing of any trailer owned or hired by the insured and not covered by like insurance in the company".

The jury found in answering Special Issue No. 3 that C. P. Hughes was not the owner of the trailer involved in this suit. We have reached the conclusion that the record contains no evidence supporting the finding of the jury in response to this all-controlling issue, and, therefore, the judgments of the trial court and the Court of Civil Appeals must be reversed and here rendered in favor of the petitioner.

■ The evidence shows that the trailer was originally purchased by Carlton Dougharty on May 13, 1948; that a note was given by Dougharty to cover part of the purchase price, and that respondent, Charles P. Hughes and E. Preston Hughes, signed the note as sureties; Dougharty kept the trailer for about five weeks; that on June 17, 1948 Dougharty "saw that he couldn't pay for it and didn't have the money and business was bad"; that Dougharty went to C. P. Hughes and told him he wanted me (C. P. Hughes) to step in and take over and see if I could pay it out and that is what happened"; that Dougharty left the trailer on the premises owned by C. P. Hughes; that C. P. Hughes conferred with his co-surety, E. Preston Hughes, and the latter told C. P. Hughes that "if you decide to take it, or sell it, or what have you, we will try to work something out on it." The respondent was asked the following questions and his answers appear following each question:

"Q. So you took possession of the trailer by taking over the debt, assuming the debt that the boy had against the trailer?
"A. That is right.
"Q. Is that correct?
"A. Uh-uh.
"Q. Dougharty had given up his rights at that time?
"A. He had given up his rights because he couldn't pay for it.
"Q. And you took—I think the way you expressed it yesterday—you took over the boy's contract?
"A. I taken over the boy's—
"Q. Obligation to pay?

"A. Obligations.

"Q. You released him from the obligation the day you stored it in the yard, is that right?

"A. I went down and talked to Mr. E. P. Hughes and he told me to do anything with it I wanted to. But I released Dougharty of it when I stored it.

"Q. You took over his contract?

"A. Yes, sir, for $250.00, I believe, as well as I remember."

This was the amount Dougharty had paid on the trailer at the time C. P. Hughes took over the contract.

The evidence further shows that respondent, C. P. Hughes, used the trailer from November, 1948, until February 18, 1949, the date of the accident.

In addition to the evidence given by respondent on the trial of this case, the petitioner introduced an affidavit signed by him in which he stated that he had bought the trailer from Dougharty. This sworn statement was dated April 12, 1949, and signed and sworn to on May 11, 1949, and delivered to petitioner on May 13, 1949. The evidence clearly shows that the sworn statement was true.

■ The evidence relied upon by respondent to prove non-ownership of the trailer is that which shows that there had been no formal transfer of title by written instrument or bill of sale from Dougharty to Hughes, and that Hughes had not paid in full the balance due on the note given by Dougharty to Nabors Trailer Company, and the further evidence that new license plates had not been bought by respondent. The evidence conclusively shows that C. P. Hughes became the owner of the trailer on June 17, 1948, although it is admitted that Dougharty did not execute and deliver a bill of sale or certificate of title. Dougharty, the holder of the legal title, transferred ownership to C. P. Hughes under the oral agreement to convey for a consideration and the acceptance thereof by respondent. Cleveland v. Williams, 29 Texas 204; Hughes v. Smith, 61 Texas Civ. App., 443, 129 S.W. 1142; Sabine Motor Co. v. W. C. English Auto Co., Com. App., 291 S.W. 1088, 1091; Moffitt v. Hieby, 149 Texas 161, 229 S.W. 2d 1005, 37 Texas Jur. 100, Section 18; 77 C. J. S. 588, Section 5. There is no statutory requirement that title to a trailer be transferred by written bill of sale or certificate of title.

The testimony of respondent, C. P. Hughes, is conclusive that he was the owner of the Nabors trailer, and, therefore, no jury question was presented. Reed v. Markland, Tex. Civ. App., 173 S.W. 2d 346, error refused, want of merit. Our holding on this point renders it unnecessary to discuss the other points presented in the application for writ of error.

The judgments of the trial court and the Court of Civil Appeals are reversed and judgment is here rendered that respondent take nothing.

Opinion delivered January 21, 1953.

Rehearing overruled March 11, 1953.

Justice Culver not sitting.